## Elijah D. Brigham and Another v. Frederick F. Eglinton and Others.

Since the Justices' Act of 1855, justices of the peace have no jurisdiction to issue attachments against foreign corporations.

*Heard October 6th. Decided October 17th.*

Case reserved from Wayne Circuit.

Replevin for a barrel of copper, which plaintiff claimed as assignee of the Forest Mining Company. The defendants justified under a judgment rendered against said Mining Company, by a justice of the peace of Detroit, and under execution issued thereon.

On the trial, the docket and files of said justice were offered in evidence, from which it appeared that on June 29th, 1856, Orrin C. Thompson made affidavit before said justice that said Mining Company was indebted to him in $203 upon express contract, and that said company "is a foreign corporation, and does not reside in this state, and has not resided therein for one month immediately preceding this date." Upon this affidavit a writ of attachment was

issued, upon which the property in question was taken, but the writ not otherwise served. Judgment was rendered in favor of Thompson in the attachment suit, August 4th, 1856, defendants not appearing.

Plaintiffs objected to the introduction of this evidence, for the reason, among others, that Justice's courts have no jurisdiction of proceedings by attachment against foreign corporations. The circuit judge overruled the objection, and defendants had judgment. On motion for a new trial, the circuit judge reserved for the opinion of this court the question, among others, whether justice's courts have jurisdiction in such cases.

*Holbrook & Bishop*, for defendants.

*Towle, Hunt & Newberry*, for plaintiffs.

CAMPBELL J.:

As this case stands upon the record, the first and most important question reserved is whether our justices of the peace have jurisdiction in attachment suits against foreign corporations.

The Justices Act, 2 *Comp. L.* § 3670, does not in terms authorize a suit in attachment against corporations abroad, unless they come within the terms applicable to individuals. By section 3700 actions against corporations are authorized as against individuals. And many authorities have been cited to show that corporations came within the principles governing individuals, whenever they are fairly applicable. And in this respect there seems to be no difference between domestic and foreign corporations. While this rule is not universal, it has a very general application in civil cases.

But the reason of this rule must have a regard to consistency and uniformity. By reference to the section already referred to, regulating attachments, it will be found that they will lie for various fraudulent assignments, removals and

concealments, as well as for fraud in contracting the debt. Non-residence is a distinct ground. Corporations within the state, as well as foreign corporations, may do such acts within the state as would bring individuals within this law. But domestic corporations can only be sued in Justices' courts by summons.—§ 3701. No attachment can issue against them for any fraud whatever. As corporations are only included, if at all, upon the ground that they are like other persons who are individuals, it would not be a reasonable construction to include one kind and exclude another. And it would require strong evidences of intention to justify such a distinction. It is not a question of power, but of legislative intention.

The attachment clause in section 3670, of the Compiled Laws, is identical in character with that of the Justices' act in the Revised Statutes of 1846. When that was enacted, the same code provided for attachments in courts of record for the same causes embraced in the Justices' act (§ 4743, C. L.). If foreign corporations were included among the non-residents under the one act, they would be under the other. But the circuit court attachment law provided for attachments against foreign corporations expressly, by a separate subdivision, which is not found in the justices' act.

When we find, on comparing the laws, that they are alike in all other essentials, and differ in not both containing this particular clause, we can not disregard the variance. We can not regard such an important difference as accidental. No argument of convenience will permit us to overlook such an express variation between two statutes under any circumstances. The whole attachment law being special, and the jurisdiction created being entirely statutory, this difference is in a question of original power, and such power must be confined within its legitimate appointed limits.

Finding this distinction between the powers of the two tribunals, we can not escape the conclusion that the Justices'

act does not embrace foreign corporations, and that the court in the case before us acted without authority.

The first question reserved should be answered in the negative. The other questions need no answer.