EDWARD GALLAGHER v. THE AMERICAN EXPRESS Co.

*Justices' courts—Action against foreign corporation.*

An action will lie in justice's court against a foreign corporation doing business in the county (How. Stat. § 3723); and if plaintiff is a non-resident, defendant may be brought in by short summons.

Error to St. Clair. (Stickney, J.) Jan. 8.—Jan. 21.

ASSUMPSIT. Plaintiff brings error. Reversed.

*Stevensons & Phillips* for appellant.

*Thomas & Ivers* for appellee.

SHERWOOD, J. The plaintiff, at the time of the commencement of this suit, was a resident of Cheboygan in this State, and the defendant, a corporation organized under the laws of the state of New York and doing business in this State, had an agent and office in the city of Port Huron. The suit was brought before a justice of the peace in Port Huron by short summons, the plaintiff being a non-resident of St. Clair county. On the return of the summons the defendant appeared specially, by attorney, and moved to dismiss the proceedings on the grounds, among others, that the defendant, being a foreign corporation, could not be sued in justice's court, and if it could be, a short summons was not the proper process. The justice held otherwise, and the plaintiff proceeded to judgment. The defendant took a special appeal to the circuit court.

The case was heard by the circuit judge upon the appeal taken, and he reversed the judgment of the justice, and the cause is before us now for review. Previous to 1881, justices of the peace had no jurisdiction in suits brought against foreign corporations except by attachment and in garnishee cases. How. Stat. §§ 6831, 8055; *Brigham v. Eglinton* 7 Mich. 291; *Fire Ins. Co. v. Owen* 30 Mich. 441; *Hebel v. Amazon*

*Ins. Co.*, 33 Mich. 407; *American Express Co. v. Conant* 45 Mich. 642. Under the general law of the State, all corporations may sue and be sued. How. Stat. § 4860. Under the Justices' Act, " All actions against corporations, except municipal corporations, shall be cognizable before a justice of the peace in like manner and with the like restrictions as the same are or may be by law before a justice of the peace when brought against an individual." How. Stat. § 6861. This statute only makes the general law applicable to resident or domestic corporations, there being no way provided for service of process from justices' courts upon a foreign corporation.

The great increase of foreign corporations in the State, engaged in the various branches of trade in almost every county, rendered it necessary for the convenience of our citizens to bring these artificial persons within the jurisdiction of all our courts; and for this purpose the Legislature, in 1881, after authorizing express companies incorporated in other states to "hold, use and employ" both real and personal property here to carry on their business, and to sue and be sued, provides that such companies " shall, for the purpose of suits, be deemed residents of the county where they are doing business, and any process in suits brought against them may be served on any agent of such company in the county where such suit is brought." How. Stat. § 3723. This statute, we think, clearly brings the defendant within the rules of law applying to domestic corporations, and within the jurisdiction of justices of the peace; and this was, undoubtedly, the intention of the Legislature. The statute provides no different process for a corporation than that for an individual. The plaintiff, being a non-resident, was therefore entitled to a short summons against the defendant in this case. We see no defect in the service made, and the plaintiff should have been permitted to prosecute his suit to judgment in the circuit court. The judgment at the circuit must be

Reversed and a new trial granted.

The other Justices concurred.