# L. C. STRAIGHT

## V.

## SETH F. HANCHETT ET AL.

*Pleading—Plea* Puis Darrein Continuance—*Certainty—Averment of Time under* Videlicet—*New Assignment.*

1. The legal effect of a plea is determined by the matter it sets up, and when the matter only goes to the further maintenance of the action it is error to allow it to be pleaded in bar of the suit.

2. Where the matter of defense set up in a plea has arisen after the commencement of the suit, it can not be pleaded in bar of the action generally, but must be pleaded as to the further maintenance of the suit; and where it has arisen after plea pleaded and issue joined, it can only be pleaded *puis darrein continuance.*

3. Where a plea is, by reason of the subject-matter, a plea *puis darrein continuance,* the court is bound so to treat it on demurrer.

4.   Such a plea must show by allegation that the matter of defense set up arose after the last continuance.   Like a plea in abatement it must meet the requisite of certainty.

5.   Our Practice Act, permitting the defendant to plead as many matters of fact in several pleas as he may deem necessary and to file additional pleas at any time before final judgment, does not operate to abolish the common-law rule governing pleas *puis darrein continuance*.

6.   An averment of time under a *videlicet* is not traversable, and where, in an action of trespass, the plea justifies the whole time thus averred, the plaintiff must new assign.

[Opinion filed July 27, 1887.]

APPEAL from the Superior Court of Cook County; the Hon. JOSEPH E. GARY, Judge, presiding.

Appellant, who was plaintiff in the court below, brought an action of trespass against appellees.   The declaration alleged in the first count that on the 28th day of March, A. D. 1883, defendants with force and arms broke and entered upon the premises of the plaintiff, the second and third floor of No. —, etc., and "stayed and continued therein for a long time, to wit, for the space of twenty days," and on the 15th, 16th and 17th days of April, 1883, seized and took 700 stoves of said plaintiff found on said premises, of the value, etc., and carried away the same and converted, etc., alleging as special damages loss of use of premises, obstruction in business, injury to credit, etc. Second count, *de bonis asportatis*, for carrying away stoves.

The defendant pleaded not guilty and two special pleas; first plea states in substance, that firm known as Potter Stove Co., were indebted to Keely Stove Co., and W. T. Carter ; that said parties sued out writs of attachment and delivered same to Hanchett, Sheriff, to execute; that goods of the defendants in said attachment liable to be taken by virtue of said writs, to wit, the goods mentioned in the declaration, were on the said premises.   That, therefore, Hanchett as Sheriff, by Graves as deputy, peaceably and quietly entered said house and premises, the outer door being open, and by virtue of the writs of attachment seized the goods and chattels as the goods of said Potter & Co.; that said goods were the goods of Potter &

Co. and not the goods of plaintiff, and were subject to seizure, and that in so doing such Sheriff and deputy necessarily and unavoidably made a slight noise in said premises and unavoidably and necessarily continued therein for the space of time in the said declaration mentioned, as they might lawfully do for the cause and reason aforesaid, doing no damage to the plaintiff thereby.

Second plea, similar to first, except that it avers the seizure only and does not justify the staying in the premises, but states more at large the basis of the attachment proceedings, and states the plaintiff bought the goods from Potter & Co., with a design to cheat and defraud said plaintiff in the attachment. Plaintiff replied in substance: First, to the pleas so far as the same are pleaded to the second count of declaration, plaintiff ought not to be barred because protesting that the goods taken away were not the goods of Potter & Co. "He says, the defendants of their own wrong and not with the intent and for the purpose of executing said writ of attachment, broke and entered the premises of the plaintiff at the time and place in the first count of said above declaration mentioned, and took and kept exclusive possession thereof for a long space of time, to wit, from and including said 28th day of March to said 16th day of April, and during said space of time without right, cause or necessity and of their own mere will and not because of anything said or done or caused to be said or done by said plaintiff, made no attempt and neglected and refused to execute said writ of attachment until said 15th day of April and on said day and the two following days began to execute said writs and seized, took and carried away from said premises the goods and chattels in said second count mentioned, without this that said Hanchett unavoidably and necessarily," concluding with a verification. Third, replication to so much of said pleas as answer the first count, protesting, etc., " defendants of their own wrong and without the residue of the cause in the said pleas alluded in manner and form as in said pleas supposed, unnecessarily and without right, cause or excuse, and not in the execution of said writs, stayed and continued on said premises the space of time mentioned in said

pleas, and during said time excluded said plaintiff from the possession of the premises."

On the issues as made by these pleas and replications the case went to trial before the court and jury and plaintiff introduced his evidence, whereupon the defendants asked leave to file an additional plea without waiver of previous pleas filed, which leave the court granted against the objection of the plaintiff and to which order the plaintiff duly excepted.

Said additional plea was in substance, that before the commencement of this suit the plaintiff interpleaded the said defendants with the Keely Stove Company and W. T. Carter, plaintiffs in the writs of attachment mentioned in the pleas on file herein, in the Superior Court, in a certain plea of trespass on the case for the same trespass in the declaration mentioned; that plaintiff was a citizen of Illinois, and the Keely Stove Company and Carter citizens of the State of Pennsylvania, and said Hanchett and Nix citizens of the State of Illinois, in which case Carter filed his separate plea and alleged the same matters in substance and effect as in said special pleas filed herein are alleged, and in addition thereto stated and alleged that he (said Carter) directed the said Hanchett, Sheriff, to attach said goods and chattels in said declaration herein mentioned, and said Sheriff did thereupon, by such directions, attach said goods; that plaintiff filed a replication to said plea denying the truth thereof; that said Keely Stove Company filed in said suit a special plea of the same import; that plaintiff also replied thereto denying the truth of the same; that afterward plaintiff, by his attorney, appeared in said last named court and dismissed the said cause except as to the defendants, the Keely Stove Company and said Carter; that afterward said cause came on to be tried in said Circuit Court of the United States, plaintiff and said defendants being present, and was tried before a jury upon the issues formed by said pleadings, and the jury rendered a verdict of not guilty, and on November 24, 1885, said court adjudged that said defendants, Carter and said Keely Stove Company, be discharged, etc., and recover the costs of plaintiff, which said judgment is still in full force, etc.

The plaintiff filed a general demurrer to said plea which the

court overruled, and plaintiff standing by the demurrer the court gave judgment on said plea in favor of the defendants, refusing to submit the case to the jury under the other pleas, and the case is brought to this court by appeal and the action of the court in allowing said plea to be filed as an additional plea and overruling the demurrer to the same, as also the ruling that said plea answered all the trespasses in the declaration alleged, are assigned for error.

Mr. D. BLACKMAN, for appellant.

Messrs. SIDNEY SMITH and A. B. WILSON, for appellees.

MORAN, J. The contention of appellant, that the plea last filed did not answer the whole declaration, even on the assumption that the plea was in other respects good in substance, can not, we think, be sustained. It alleges that the case which was tried in the United States Court was brought for the same trespasses as this suit, and that pleas filed in said case contained the same matters in substance and effect as the special pleas filed herein, with the additional matter that Hanchett, Sheriff, was directed by said Carter and the Keely Stove Company to attach the goods and chattels mentioned.

The question on this particular point then is, do the special pleas filed herein answer the whole declaration? Counsel for appellant contends that said pleas do not answer the "continuance in plaintiff's premises for twenty days," or if they do so that he has new assigned as to that trespass in his replications. The declaration does not aver the remaining in for twenty days as a separate special trespass. The first count, which is the one in which the continuance in possession is stated, simply avers it under a *videlicet*, " and stayed and continued therein for a long space of time, *to wit*, for the space of twenty days and during the time aforesaid, to wit, on 15th," etc.

The defendants in their first plea after justifying the entry and seizure of the goods under the writs, aver that in so doing they unavoidably and necessarily continued therein "for the space of time in the said declaration mentioned." Plaintiff's

averment of the time under a *videlicet* was not traversable; the proof of any length of time would support the averment. Therefore the plea justified the whole time thus averred, and if plaintiff desired to go for the unreasonable continuance in his premises he was bound to new assign. This he failed to do. Neither of his replications contains a new assignment either in substance or in form. They amount to a traverse of the plea only. 1 Chitty's Plead., 657, 667 (16 Am. Ed.).

It follows that, as the pleadings stood before the filing of the plea demurred to, the plaintiff could not recover for the continuance in possession of his premises if the defendants established the truth of their pleas; and therefore, assuming the plea demurred to had been properly pleaded and otherwise good in substance, it was an answer to plaintiff's entire case.

But we are clearly of opinion that the court erred in allowing said plea to be filed as an additional plea in bar of the action not waiving defendants' other pleas.

This suit was commenced November 3, 1883. Defendants' joint plea of not guilty was filed January 5, 1884. The judgment of the United States Court set up in the plea as estopping the plaintiff was, as appears by the plea, rendered November 24, 1885. The matter of defense set up in the plea then having arisen after the commencement of the suit therefore could not be pleaded in bar of the action generally, but must be pleaded as to the further maintenance of the suit, and having arisen after plea pleaded and issue joined, it could only be pleaded *puis darrein continuance*. 1 Chit., Plead., (16 Am. Ed. ) 689.

This rule is expressly recognized by the Supreme Court of this State in the recent case of Mount v. Schoales, 11 N. E. Rep. 401. Mr. Justice Mulkey, speaking for the court says: " A plea of this kind involves great legal consequences that do not attach to an ordinary plea. It only questions the plaintiff's right to further maintain the suit. When filed, it, by operation of law, supersedes all other pleas and defenses in the cause and the parties proceed to settle the pleadings *de novo* just as though no plea or pleas had theretofore been filed in the case. By reason of pleas of this kind having a

tendency to delay, great strictness is. required in framing them." The court had no power to order that the plea should have an effect different from that which it had by operation of law. The legal effect of the plea is determined by the matter it sets up and where the matter only goes to the further maintenance of the action it is error to allow it to be pleaded in bar of the suit.

The court should not, therefore, have allowed the plea to be filed in the form in which it was offered, and against the ob. jection of the plaintiff. So, the plea being by its subject-matter a plea *puis darrein continuance*, the court was bound to so treat it on the demurrer, and testing it by the rules governing such pleas, it was not properly pleaded. It is " *actio non* " when it should be that the plaintiff should not further prosecute his suit, and it fails to show by allegation that the matter of defense set up, arose after the last continuance. Such a plea, like a plea in abatement, must meet the requisite of certainty. A general demurrer will reach de. fects such as those indicated. Ross v. Nesbit, 2 Gilm. 252, 257; Mount v. Scholes, *supra;* Lebret v. Papillon, 4 East, 502; McGowen v. Hay, 4 J. J. Marsh. 223; Morgan v. Dyer, 10 Johns. 162; McDouglas v. Rutherford, 30 Ala. 253.

Counsel for appellee urge that our Practice Act, which permits·a defendant to plead as many matters of fact in several pleas as he may deem necessary and gives him the right to file additional pleas any time before final judgment, operates to abolish the common law rule governing pleas *puis darrein continuance.*

We think that Mount v. Scholes, *supra*, must be regarded as a sufficient reply to this position. We are bound to assume that the decision in that case was reached, with all the changes and modifications in pleadings made by our statute, in the contemplation of the Supreme Court. For the errors indicated the judgment must be reversed and the case remanded.

*Reversed and remanded.*