JOHN B. GEARY

v.

PAUL BANGS.

*Mechanic's Lien—Building Contract—Terms of—Payments—Action to Recover—Abandonment.*

1. The mere fact that money which, according to the contract, is to be paid as fast as a given work progresses, is not paid by the owner, when, by the terms of the contract it ought to be, will not authorize the abandonment of the work and the recovery of a mechanic's lien for the work performed by the contractor, unless the payments are made conditions precedent to the performance of the work, by the express and positive provisions of the contract.

2. In order to obtain a lien the contractor must show that he has performed his contract or that he has been prevented from so doing by the act of the other party.

3. The failure to pay an installment when due is not such an act or omission as will prevent the contractor from completing his contract.

[Opinion filed October 28, 1889.]

IN ERROR to the Superior Court of Cook County; the Hon. EGBERT JAMIESON, Judge, presiding.

This was a petition for a mechanic's lien, filed by defendant in error to recover for certain work performed under the following contract:

"This agreement, made this 12th day of June, A. D. 1888, between John B. Geary, party of the first part, and Paul Bangs, party of the second part, witnesseth:

For the consideration hereinafter mentioned, the said second party agrees to do all the carpenter work and furnish all the lumber and mill work necessary on the building, also the roof, cornice and gutters on said building, to be erected by said first party on 44th street near Vincennes avenue, Hyde Park, in accordance with the plans and specifications made by W. J. Eiler, architect, which are hereby made part of this contract; said work to be completed within sixty days from the date hereof. The said first party hereby agrees to pay to the said second party, for the work hereinbefore mentioned, the sum of twelve hundred and forty dollars; said sum is to be paid as the work progresses, as follows, to wit: Four hundred dollars to be paid when said building shall be under roof, and four hundred dollars to be paid when said building shall be ready for plastering, and the remaining four hundred and forty dollars to be paid when said building shall be finished."

Signed by the parties.

The petition alleged that Bangs commenced the work and so performed his part of the contract; that the building was ready for plastering on July 27, 1888; that Geary paid on said building $400 when the roof was completed; that when the building was ready for plastering petitioner was entitled to receive $400 more, but that said Geary paid, and would pay, only the sum of $200, whereby petitioner was prevented from completing said contract. States petitioner had fully performed, up to the time of refusal of Geary, to pay additional $200. Prays for a lien for the value of work done on the building, which remained unpaid for.

There was an answer to the petition, and on the hearing the court decreed a ·lien in favor of petitioner for the amount claimed, and said Geary brings the record to this court on error.

Messrs. W. S. Hefferan and John R. Geary, for plaintiff in error.

Mr. Lyman M. Paine, for defendant in error.

Moran, J.    It appears from the evidence introduced at the hearing that a dispute arose between Bangs and Geary as to whether the building was ready for plastering at the time Bangs demanded the second payment of $400. Geary paid· $200, and insisted that there was other work necessary to be done to get the building ready for plastering, and refused to pay the other $200 until said work was done.

Bangs stopped work and Geary requested him to go on and complete his contract, and served a notice on him, requiring him to do so, but Bangs declined to go on because Geary would not pay the additional $200 which he claimed to be then due, and abandoned the work, and Geary proceeded to complete the building by other workmen.

Granting that Bangs was right in his claim that the building was ready for plastering, and that the $400 was due him, still, under the contract between the parties, he would not be entitled to a lien if he abandoned the contract on Geary's failure to pay it; whatever view may have been taken elsewhere, it is the rule in this State that the mere fact that money which is to be paid as fast as the work progresses, is not paid by the owner when, by the terms of the contract, it ought to be, will not authorize the abandonment of the work and the recovery of a mechanic's lien for the work performed by the contractor unless the payments are made conditions precedent to the performance of the work by the express and positive provisions of the contract. King v. Sherman, 28 Ill. 520; Palm v. Ohio & Mississippi R. R. Co., 18 Ill. 217. The failure to pay an installment when due is not such an act or omission as will prevent the other party

from completing the contract.   In order to obtain a lien the contractor must show  that he has performed his contract,  or that he has been prevented from  so doing  by the act of the other party.   Defendant  showed  by his petition, as well as by the evidence introduced at the  hearing, that he had abandoned his contract and refused to complete, and he has not shown what amounts in law to an act of  prevention by the other party to it.

The court erred in decreeing the lien, and the decree  must be reversed and the cause remanded with directions to dismiss the petition at the costs of defendant in error.

*Reversed and remanded.*