## John B. Geary

v.

## Paul Bangs.

*Contracts — Breach — Abandonment—Former Adjudication—Recovery for Partial Performance.*

1.  A party to a contract engaged in its performance may, on the refusal of the other party thereto to comply with some stipulation on his part to be performed, abandon the further performance of the contract and maintain an action to recover for the work already performed by him.

2.  In such case there can be a recovery under the common counts.

3.  Failure in a previous action to obtain a mechanic's lien, will be no bar to a subsequent suit, brought to recover for labor done.

[Opinion filed November 1, 1890.]

Appeal from the Superior Court of Cook County; the Hon. Elliott Anthony, Judge, presiding.

Messrs. W. S. Hefferan and John R. Geary, for appellant.

Mr. Lyman M. Paine, for appellee.

Moran, P. J.   Bangs made a contract with Geary, in and by which he agreed, for the sum of $1,240, to furnish all the lumber and mill work, and do all the carpenter work on a building to be erected for said Geary in accordance with plans and specifications made by an architect.   Geary agreed to pay

Bangs the $1,240, as the work progressed, as follows: "$400 when the building shall be under roof, $400 when the building shall be ready for plastering, and the balance, $440, when building is completed."

Bangs proceeded with the work, and was paid the $400 when the building was under roof, and claimed that the building was ready for plastering, and demanded the $400 thus due by the terms of the contract. Geary paid $200 of the amount, and insisted that there was other work to be done before the building would be ready for plastering, and refused to pay the rest of the $400 till Bangs should do said work.

Thereupon Bangs abandoned the work and filed a petition for a mechanic's lien upon the building and ground. His right to such a lien was denied by this court in an opinion filed at the October term, 1889, (33 Ill. App. 582) in which we held that in order to obtain a lien under the statute, the contractor must show that he has performed his contract, or that he has been prevented from so doing by the act of the other party, and that a failure to pay an installment when due is not such an act or omission by the other party as prevents the contractor from completing the contract. Kinney v. Sherman, 28 Ill. 520.

While said mechanic's lien suit was pending, Bangs brought this action at law, and filed his declaration containing the common counts, and the case came on for trial after the petition for mechanic's lien had been dismissed by the court below, and thereupon Geary, who had previously filed in this case a plea of the general issue, with a notice of set-off, set up the adjudication of the court in the mechanic's lien proceeding as a bar to the further prosecution of this action by a plea *puis darrien continuance*.

Plaintiff introduced evidence tending to show that he had completed the building ready for plastering according to the requirements of his contract, and that he had demanded from defendant the $400; that defendant had refused to pay him more than $200, and that he thereupon abandoned the work. He also proved that he had performed some extra work. After plaintiff rested, defendant's counsel moved to exclude

the evidence, on the ground that there was no count in the declaration on the special contract, and that the plaintiff's evidence did not make out a cause of action. The court overruled this motion, and to this action of the court defendant preserved an exception. The court advised the plaintiff to file a special count, which the plaintiff did, to which the defendant's demurrer was overruled. It is unnecessary for us to give this special count any consideration, as we shall see that it was wholly unnecessary.

The first question of law presented for our determination upon the record, as it stands, is whether a party, who is engaged in the performance of a contract, may, on the other party's refusal to comply with some stipulation on his part to be performed, such as in this case, the payment of an installment of money when due, abandon the further performance of the contract and sustain an action to recover for the work already performed. The question here presented is one which has troubled and divided courts, and on which many irreconcilable decisions have been rendered. The question was first considered in what is known as the "Straw case," entitled Withers v. Reynolds, 2 B. & Adol. 882. There Reynolds agreed to supply Withers with wheat straw of good quality, sufficient for his use as stable keeper, and delivered on his premises till the 24th of June, 1850, at the sum of thirty-three shillings per load, to be delivered at the rate of three loads in a fortnight, and Withers agreed to pay Reynolds, or his order, the sum of thirty-three shillings for each load of straw so delivered on his premises till said 24th of June. The straw was regularly sent from the making of the contract till the end of January, when Withers was in arrears for several loads, and Reynolds called on him for payment, whereupon he tendered to Reynolds pay for all the straw that had been delivered, except the last load, saying that he should always keep one load on hand. Reynolds took the money and told Withers that no more straw would be sent unless paid for on delivery, and no more was sent. Withers brought the action to recover for the non-delivery of the straw during the remainder of the contract term; on these facts the court held that the true

interpretation of the contract was that each load of straw was to be paid for on delivery, and that on Withers refusing to pay for them, Reynolds was not bound to send any more.

In the subsequent case of Franklin v. Miller, 4 Adol. & Ellis, 597, it was said that a partial failure of performance did not authorize a rescission by the other party to the contract, and that Withers v. Reynolds was a case of total failure. The trend of the American cases seems to be to treat the breach of any material stipulation of a contract by one party as furnishing ground for the rescission or abandonment by the other party to the contract. Thus in Fletcher v. Cole, 23 Vt. 114, it is held that it is not essential to the rescinding of a contract that it should in all cases be by the mutual consent of the parties. If, by the terms of the contract, concurrent acts are to be performed, as a delivery of the property by one party and a payment of the price by the other, if either party should refuse to perform his part of the contract, the other party may treat it as an abandonment of the contract.

In Preble v. Bottom, 26 Vt. 249, the very question presented by the facts of this case was flatly decided. There the plaintiff contracted to do the carpenter and joiner work of the defendant's house, for which he was to receive $300; $100 of which was to be paid by the first of July, and the remainder not until after the completion of the house, which was to be by the 15th of August. The defendant failed to pay the $100 on the first of July, and afterward, on the 11th of July, the plaintiff demanded such payment, with which demand defendant refused to comply; thereupon plaintiff left the job and refused to proceed further with it, and the court held the defendant's breach in not paying said installment of $100 was a good reason why plaintiff might abandon the job, if he chose to do so, and that he was entitled to recover for the work done by him a *pro rata* compensation according to the contract.

In Branch Sons & Co. v. Palmer, 65 Ga. 210, the contract was for the delivery of 600 bales of cotton in different lots, and at different times, and upon the shipment of the first lot the vendor had the right to draw for the price thereof, which

he did, and his draft was not paid; held, that he was not bound to carry out the contract.   To the same effect is De Loach et al. v. Smith, 10 S. E. R. 436, and Curtis v. Gibney, 59 Md. 131.

In Hoagland v. Moore, 2 Blackford, 167, the plaintiff agreed to sell the defendants a hundred hogs and a certain crib of corn, quantity unknown; defendants were to pay $100 for the hogs and fifty cents per bushel for the corn.   The hogs were delivered and about eighty bushels of the corn. The evidence tended to show that it was agreed that $20 should be paid immediately.   Defendants refused to pay it, and plaintiff refused to deliver the balance of the corn, and brought suit to recover the value of what had been delivered. The court instructed the jury that if they found that the defendants had failed to comply with the agreement on their part, and that that was the reason the plaintiff refused to comply, the plaintiff had a right to recover for so much of his property as the defendants had received on the contract; and that the plaintiff was not bound to comply on his part, after the defendants had so refused; and that if they found that the defendants refused to pay the $20 and to execute the notes, if the same were by the contract to be done immediately, they should find for the plaintiff the value of the corn, if any was received by the defendants.   And the Supreme Court affirming said instruction said: " If, after the delivery of the hogs and part of the corn, the plaintiff refused to deliver the balance of the corn unless the $20 were paid, and the defendants failed to pay it, the plaintiff would not be bound to deliver the balance of the corn, but might consider the special contract at an end, and recover the value of his property received and retained by the defendants."   To the same general effect is Hosmer v. Wilson, 7 Mich. 293, and Draper v. Randolph, 4 Harrington, 454.   Cases have been decided by our own Supreme Court which, though not direct on the point, clearly recognize the doctrine of the foregoing cases.

In Palm v. The Ohio & M. R. R. Co., 18 Ill. 217, it was held that a failure to pay an installment due under a contract

was not such a breach as authorized the plaintiffs to abandon the contract and *recover what profits they might have made by completing it.* The first two counts, which went for the profits that would have been made, were the only ones considered, and the opinion at its close shows the amount due for the material that had been delivered before the breach was recovered under other counts in the declaration. In Carney, Adm'r, v. Newberry, Adm'r, 24 Ill. 203, it is expressly said that the failure of one of the parties to a contract to fulfill his agreement authorizes the other party to rescind; and see Webster v. Enfield, 5 Gilm. 298.

There are a class of cases which hold that when the breach by a party to the contract is attended merely with loss that can be compensated in damages, it will not authorize an abandonment by the other party, but that he may bring his action for the particular breach, and some of those are cases of failure to pay money due by installments. We think, however, the rule indicated by the cases we have cited, is the just and logical one. While it can not be said that a failure to pay an installment due on a contract, is an absolute prevention of the performance, still we know that in many instances, particularly in building contracts, the non-payment of an installment when due will render it necessary for the contractor to abandon the work. But the true ground is that a refusal to pay in accordance with the terms of the agreement is a breach which indicates that the one who is guilty of it, does not intend to be bound by the contract, and therefore the other party may rescind it and recover for the work he has done. We must conclude then, that plaintiff's evidence made out a cause of action.

Could the recovery be under the common counts? Unquestionably it could. The rule is clearly stated by Shaw, C. J., in Moulton v. Trask, 9 Metcalf, 577, as follows: "When a special contract is open and unexecuted, and the plaintiff proceeds for a breach of it, he must declare specially and set it out, and aver a breach. But when a contract is at an end, either by its own original terms, or by the subsequent consent of the parties, or by the unjustifiable acts of the defendant,

and nothing remains but to pay money, *indebitatus assumpsit* will lie, although the debt accrued under a special contract, and such special contract may be proper and necessary evidence in support of the action;" and see Wright v. Haskell, 45 Me. 489.

This brings us to the consideration of Geary's defense. He filed a plea *puis darrien continuance*, setting up the decision in the mechanic's lien case as a bar. By filing said plea he abandoned all prior defenses. Straight v. Hanchett, 23 Ill. App. 584.

The plea constituted no bar, because the cause of action, and thing sought to be recovered in the lien suit, were not the same as in this action. *Performance* of the contract was necessary to sustain the lien, and as he failed to obtain a lien, he could not have a general judgment. Green v. Sprague, 120 Ill. 418.

But performance of the contract, as we have already seen, is not essential to the maintenance of this action.

Therefore the one proceeding could not be a bar to the other, and the court properly excluded the record of the lien suit when offered to support the plea. If there is anything left to be considered, it is the ruling out of evidence under defendant's notice of set-off. It may be doubtful whether the plea *puis darrien* did not waive this notice, attached, as it was, to the general issue, but it is unnecessary to dwell on that point, as the notice itself is too loose and uncertain to authorize the introduction of any evidence under it. Burgwen v. Babcock, 11 Ill. 28.

Counsel for appellant must be regarded as abandoning all contention as to the set-off, as they do not argue it in their brief.

We conclude, on the whole record, that plaintiff below made out his case under the common counts; that there was no error in the rulings of the court below which are available to the appellant on this record, and therefore the judgment must be affirmed.

*Judgment affirmed.*