63    413
97    641

## American Publishing House v. B. H. Wilson.

1.  Performance of Entire Contracts.—An agreement to serve another for twelve months is an entire contract, and a substantial performance of it must be shown before a recovery can be had upon it.

Assumpsit for Services.—Appeal from the Circuit Court of Cook County; the Hon. Richard S. Tuthill, Judge, presiding. Heard in this court at the March term, 1896. Reversed and remanded. Opinion filed March 31, 1896.

John H. Kane, attorney for appellant.

Where a contract is reduced to writing, the writing merges all prior and contemporaneous agreements in respect to the subject-matter. Lane v. Sharpe, 3 Scam. 566; Stookey v. Hughes, 18 Ill. 55; Robinson v. Magarity, 28 Ill. 423; Snyder v. Griswold, 37 Ill. 216; Fitch v. Priest, 46 Ill. 441; Ely v. Ely, 80 Ill. 532; Bragg v. Geddes, 93 Ill. 39.

Where the parties reduce their contract to writing their intention must be gathered from its terms; the writing must speak for itself. Kimball v. Custer, 73 Ill. 389; Gardt v. Brown, 113 Ill. 475.

The intent to be enforced is that which is to be ascertained by a proper construction of the words employed. Adams & Westlake Mfg. Co. v. Cook, 16 Ill. App. 161.

Where the parties undertake to put their engagements in writing, it will be presumed that the writing expresses the whole contract. Farras v. Hinch, 20 Ill. 646; Merchant's Insurance Co. v. Morrison, 62 Ill. 242; Harding v. Commercial Loan Co., 84 Ill. 251; Wright v. Sampter, 127 Ill. 167.

Where the language is unequivocal there is no room for construction, and the contract must be enforced according to its legal effect, although the parties have failed to express their real intention. Benjamin v. McConnell, 4 Gilm. 536; Walker v. Tucker, 70 Ill. 527; Canterberry v. Miller, 76 Ill. 355.

While a contract is to be construed as to give effect to the intention of the parties, they are presumed to intend what their language imports. Williams v. Fletcher, 129 Ill. 356.

Where a contract is avoided it must be avoided *in toto.* A party can not retain of an entire contract that part which is valuable to him and avoid it as to the residue. Covington v. Short, 77 Ill. 587; Buchanan v. Horney, 12 Ill. 336; Ryan v. Brant, 42 Ill. 78; Kimball v. Lincoln, 7 Ill. App. 470.

An entire contract can not be affirmed so far as it has been performed and avoided as to the residue. Eldridge v. Rowe, 2 Gilm. 91.

Where one undertakes to do a certain thing for a certain sum he is not entitled to compensation if he fails to perform, for what he does in trying to perform; the contract is entire. Illingsworth v. Slosson, 19 Ill. App. 612; Laughlin v. Ettinger, 14 Ill. App. 335.

The instructions of the court for the plaintiff below proceeded upon the theory that the sickness complained of by the plaintiff was occasioned by an " act of God," and released the plaintiff from completing her contract. This idea is erroneous; the law recognizes a distinction between that class of cases where the obligation is imposed by operation of law, and the class where the obligation is created by the express agreement, or covenant of the party himself. In the former the phrase " act of God " has been applied to a variety of unavoidable accidents, which has been held to discharge the legal liability; in the latter class, the only contingency to which that phrase has been applied, as excusing performance, has been the death of the party who alone in his own proper person could perform the thing to be done, or the destruction of the very thing which, identically, was to be delivered, sold or transferred, and which it was physically impossible always for human power to cause to exist. 2 Co. Lit. 206; 3 Co. Lit., Note 1 to 206 a; Williams v. Lloyd, Wm. Jones 179; 2 Pars. Cont. 184; Chit. Cont., 5th Am. Ed., 57, 59, 735; Walton v. Waterhouse, 2 Saund. 420.

The " act of God " will excuse the non-performance of a duty created by law, but not of one created by contract. School District No. 1 v. Dauchy, 25 Conn. 530.

Where a law casts a duty on a party, the performance

shall be excused if it be rendered impossible by the "act of God;" but where the party, by his own contract, engages to do an act, it is deemed to be his own fault and folly that he did not thereby provide against contingencies. Chitty on Contracts, 272.

SAMUEL S. PARKS, attorney for appellee, contended that where a person is employed to perform a personal service, which can not be performed by proxy, illness will excuse him. Spalding et al. v. Rosa et al., 71 N. Y. 40.

Contracts for personal services, whether of the contracting party or of a third party, requiring skill, and which can only be performed by the particular individual named, are not of absolute obligation under all circumstances. Both parties must be supposed to contemplate the continuance of the ability of the person whose skilled services are the subject of the contract, as one of the conditions of the contract. Such contracts are subject to this implied condition, that the person shall be able at the time appointed to perform them; and if he dies, or without fault on the part of the covenantor becomes disabled, the obligation to perform is extinguished. People v. Manning, 8 Cow. 297; Jones v. Judd, 4 N. Y. 411; Clark v. Gilbert, 26 N. Y. 279; Wolfe v. Howes, 24 Barb. 174; Gray v. Murray, 3 J. C. R. 167; Robinson v. Davison, L. R., 6 Excheq. 268; Boast v. Frith, L. R., 4 Com. Pleas, I.

" So also where the contract is for personal services, which none but the person contracting can perform, inevitable accident, or the act of God, will excuse non-performance. But when the thing or work to be performed may be done by another person, then all accidents are at the risk of the promisor." Wheeler v. Conn. Mut. Life Ins. Co., 82 N. Y. 550.

MR. JUSTICE SHEPARD DELIVERED THE OPINION OF THE COURT.

The appellee entered into a written contract with the appellant, dated September 21, 1894, whereby she agreed to " enter the services of the said American Publishing House

for a period of twelve (12) months as traveling agent, to select and appoint suitable agents for the sale of the books and publications of the said American Publishing House," and to faithfully devote her time and attention exclusively thereto, and to travel whenever required, etc.

She entered upon the service, and continued therein until December 20th of that year, and thereupon sued and recovered for three months salary, and a balance on account of commissions, etc., aggregating in all $199. This appeal is from the judgment entered in her favor.

The written contract was offered in evidence, and shows on its face that the term of employment therein stated was first written "twelve" months by typewriter, and then "twelve" erased and "three" written by pen above the "twelve," and afterwards the "three" erased and "twelve" substituted by pen, so that at last it remained as expressing a term of twelve months.

Whether such changes were made before or after signing, and upon any, and if so, what, verbal agreement contemporaneous therewith, or subsequent thereto, was a subject of controversy and of conflict in the evidence.

The appellee testified, in substance, that as first prepared and signed, the writing expressed twelve months, but that on the following morning the "twelve" was erased and "three" put in its place in order to meet her wish to take employment for three months only, on account of the uncertainty of her health, but that upon her promise to continue for twelve months if she could, the "three" was erased, and "twelve" substituted, upon the verbal agreement that if her health failed she should be released at the end of three months.

On the part of appellant the evidence tended to establish that all the changes were made before signing, and that there was no verbal agreement concerning a release of appellee at the end of three months.

For precisely what reason the appellee ceased her employment on December 20th, does not quite satisfactorily appear.

She testified that it was because of her health not per-

mitting her to continue, without a rest, in work that required her to do so much walking, and that her incapacity in one of her knees was such that it was nearly two months after she quit before she could again get around satisfactorily.

On the other hand, she wrote appellant, under date of December 19, 1894, a letter, from which the following is an extract:

"I must be in Chicago, December 21st. It will not be at all necessary for you to make out a route for me after New Years, for nothing on earth would induce me to go out again while the country is in its present condition and money so scarce. Agents can not sell books, and even with your offer, which is considered liberal, they can not afford to work all winter and perhaps get nothing until their contract expires; you wouldn't do it yourself."

If appellee's testimony be accepted as the true version, both as regards the alterations in the written agreement and the verbal agreement in connection therewith, and that her imperfect health disabled her from a continuance in the employment beyond the period of three months, a question not discussed in the briefs is raised as to the legal effect of adopting, or consenting to, changes in a written contract after it has been executed, and whether the writing so changed is not the exclusive evidence, not to be contradicted by parol, of what the contract between the parties is.

That question need not be decided or discussed, for it is objected that the second instruction given for the appellee was erroneous. It was as follows:

"2. The court instructs the jury that if the contract between the plaintiff and the American Publishing House does not provide for a forfeiture of the plaintiff's salary as damages in case plaintiff should not work for the entire time stated in the contract, the plaintiff would be entitled to recover for the time she actually did work, if she did not work the entire time."

It is almost too plain for argument that such instruction does not correctly state the rule of law.

More than fifty years ago the rule was laid down in this State, in conformity with much older precedent, in the following words:

" When the agreement is entire, a full and substantial performance of a condition precedent by the plaintiff must be shown before he can recover on the contract; for an entire contract can not be affirmed as far as it has been performed and rescinded as to the residue." Eldridge v. Rowe, 2 Gil. 91; see also Cutler v. Powell, 6 Durn. & East. (Term Rep.) 320.

And the rule so announced has never been departed from.

This court said in Illingsworth v. Slosson, 19 Ill. App. 612:

" The contract is entire. What was to be done by one party and what was to be paid by the other, is certain and fixed. In such case there can be no apportionment, and no recovery for any part of the consideration, until that for which it is agreed to be paid has been performed."

It is plain from an inspection of the whole contract, that it contains no express provision for a forfeiture of the plaintiff's salary in any event, and to instruct the jury in the language that was used, was in effect to tell them the appellee was entitled to recover, as a matter of law, for the time she worked, irrespective of the terms of the contract.

This was clear error, as is shown by the authorities cited, and for that the judgment must be reversed and the cause remanded.