Wolf v. Schlacks.

## Bertha Wolf and Della Wolf v. Henry Schlacks and Henry Ottenheimer:

1. CONTRACTS—*Recovery on Partial Performance—Abandonment.*— Where a party fails to perform his part of a special contract so as to prevent the other from fully performing, the latter may abandon the contract and recover in assumpsit for what he has done under it, whenever, except for the special contract, assumpsit may be maintained.

2. SPECIAL CONTRACTS—*Pleadings in Action Upon.*—Where a contract is open and unexecuted the plaintiff must specially set it out and aver a breach of the same, but where the contract is at an end either by its own original term or by the subsequent consent of the parties, or by the unjustifiable acts of the defendant, and nothing remains but to pay money, *indebitatus assumpsit* will lie although the debt accrued under a special contract.

3. VERDICTS—*Upon Conflicting Evidence, Conclusive.*—Where the jury hear conflicting evidence and see the witnesses, their verdict as to the truth of the matter under consideration may be regarded as conclusive.

Assumpsit.—Special contract. Appeal from the Superior Court of Cook County; the Hon. HENRY V. FREEMAN, Judge, presiding. Heard in this court at the October term, 1896. Affirmed. Opinion filed December 14, 1896.

JAMES R. WARD, attorney for appellants.

STERN & LOUER and W. I. OSBORNE, attorneys for appellees.

MR. PRESIDING JUSTICE SHEPARD DELIVERED THE OPINION OF THE COURT.

The appellees sued the appellants for services rendered them, as architects, in the preparation of certain plans and specifications for a contemplated building by the appellants, and recovered judgment for five hundred dollars, from which this appeal is prosecuted.

The declaration consisted of the usual common counts in assumpsit, and the plea was the general issue.

A special oral contract between the parties was proved, by which the appellees agreed to prepare the plans and specifications, and superintend the work of constructing the building, for a compensation equal to four per cent of its cost, as testified by one of the appellees, or of three per cent of its cost, as testified by appellants' agent.

Plans and specifications, including the working drawings, were prepared under the direction of appellants' agent, and to his satisfaction, and were delivered to him for the purpose of exhibiting them to loan agents. who were to be, or had been, applied to for a loan to enable appellants to put up the building.

The proof shows that they were so used by appellants, and were never returned to the appellees.

The loan was not obtained, and appellants abandoned the undertaking, and this suit followed.

It is urged that there could be no recovery under the common counts, where the evidence showed a special and entire contract of an executory character, never performed.

When a party fails to perform his part of a special contract, whether sealed or unsealed, so as to prevent the other party from fully performing, the latter may abandon the contract and recover in assumpsit for what he has done under it, whenever, except for the special contract, assumpsit may be maintained. Webster v. Enfield, 5 Gill. 298; Wilson v. Bauman, 80 Ill. 493; Schillo v. McEwen, 90 Ill. 77; Geary v. Bangs, 37 Ill. App. 301.

In the last cited case, this court adopted the admirably precise statement of the law upon this subject, laid down in Moulton v. Trask, 9 Met. 577, as follows:

Wolf v. Schlacks.

" When a special contract is open and unexecuted, and the plaintiff proceeds for a breach of it, he must declare specially and set it out, and aver a breach.  But when a contract is at an end, either by its own original terms, or by the subsequent consent of the parties, or by the unjustifiable acts of the defendant, and nothing remains but to pay money, *indebitatus assumpsit* will lie, although the debt accrued under a special contract, and such special contract may be proper and necessary evidence in support of the action."

Whether, therefore, this recovery was sustainable under a declaration containing only the common counts, depends upon whether the appellees were prevented from completing the special contract by the wrongful acts or omissions of the appellants, of which, under the evidence, there can be no doubt.

It can not be, and probably is not, claimed by the appellants that they were ever ready to proceed any farther toward the erection of the building than to have the plans and specifications prepared, and bids received.  At that point all further steps ceased, because the appellants could not raise the necessary funds.  The defense, on the merits, does not go to the point that appellees did not proceed under the contract as far as they could, but that by the terms of the agreement they were to have nothing unless the loan was made and the building erected.

Upon that question the jury heard the conflicting testimony and saw the witnesses, and their verdict as to the truth of the matter must be regarded as conclusive.

Upon the question of what compensation was proper, or, in other words, the measure of damages under the *quantum meruit* count, there was evidence that tended to sustain the amount of the verdict, which was for $370 in excess of the judgment that was entered after a remittitur of that amount was made.

Upon a consideration of all the evidence, with no substitution of our personal views, we can not entertain much doubt but that the services rendered were reasonably worth as much as the judgment was for.

There was no error in permitting witnesses to testify as to what, under the circumstances, was the value of the services, and we do not feel at liberty to reverse the judgment, simply because we might think a less sum would have been nearer to a reasonable limit.

The building, originally contemplated, was to cost $25,000. The one for which the plans and specifications were prepared, in accordance with the wishes of appellants' agent, would have cost from $30,000 to $35,000.

Taking into account a mortgage of $9,000 that already existed upon the land, the appellants were unable to borrow as much money as was needed, and they abandoned their proposed undertaking.

Unless the appellees agreed to charge nothing for their services unless the required loan was secured, and the jury found upon conflicting testimony that they did not so agree, it was right that they should be paid a reasonable sum for their services in making the plans and specifications, which appellants took and appropriated to themselves.

Though we may think the recovery is somewhat too large, we discover no material error in the record, and therefore we must affirm the judgment.