## Frederick Rietz *v.* Frederick A. Siebold.

1. PRACTICE—*Recovery Under the Common Counts.*—A recovery is proper under the common counts where the evidence shows that nothing remains to be done but the payment of the money in question.

2. SAME—*Where Indebitatus Assumpsit Lies.*—The action of *indebitatus assumpsit* will lie although the debt sued for accrued under a special contract, and such contract may be proper and necessary evidence in support of the action.

Assumpsit.—Appeal from the Circuit Court of Cook County. Heard in the Branch Appellate Court at the October term, 1899. Affirmed. Opinion filed November 20, 1900. Mr. Justice HORTON dissenting.

RUNYAN & RUNYAN, attorneys for appellant.

FASSETT & ANDREWS, attorneys for appellee.

MR. JUSTICE FREEMAN delivered the opinion of the court.

Appellee sued to recover upon a contract alleged in his declaration to be " partly written and partly oral." By the terms of the written agreement appellee agreed to do certain mason work for appellant, " for eleven hundred and twenty-five dollars ($1,125) (one thousand of which in Standard Electric stock, as agreed between R. & S. personally) to be paid to him," etc. According to appellee's testimony, appellant said when the arrangement was made, that he was short of money, and wanted appellee to take part payment in this stock; that appellee should keep the stock two years and appellant would then take the stock back again, and would meanwhile guarantee, in case the company did not pay it, to himself pay eight per cent dividends out of his own pocket. To this appellee states he replied, that if Rietz was willing to buy it back in two years, appellee would take the stock as security with eight per cent " interest." This, it is said, was agreed to, and the work was done and stock delivered. After the expiration of the two years appellee took the stock to appellant, and

asked him take it up, as per the alleged contract. He states that appellant replied that he was short of money, but would give appellee fifty per cent of the stock and eight per cent dividend for the two years, which would be $160, a total of $660 to be paid in lumber; that appellee would have to wait for the rest; that he would find appellant a man of honor, and should be paid every cent. As to what occurred at the interview last referred to appellee is substantially corroborated by another witness.

Appellant Rietz' version of the original agreement is, that he proposed if the contractor would take part payment in stock and the balance in cash, he was willing to guarantee eight per cent dividend for two years; that he told appellee, that if he (Siebold) wanted to sell the stock back again, he (Rietz) wanted the first privilege of buying it back; that he did not agree to buy it back and did not tell appellee to hold it as collateral security. He states that his payment of the $500 over and above the $160 dividend, was a gift to appellee, and that he did not agree to take up the rest of the stock and pay appellee the remaining $500.

A jury was waived by agreement and the Circuit Court gave judgment against appellant for $512.40, which sum was derived by computing interest on the $1,000 from the date of the agreement at five per cent, and deducting from the amount the $660 paid, with five per cent interest thereon from the time of its payment to appellee.

Appellant's counsel urge that the declaration sets up a contract for payment of $1,125 in money, and that the written contract in evidence and the oral testimony do not sustain the averment of the declaration. In what the alleged variance consists, however, counsel do not endeavor to state. The written contract does call for the payment of "$1,125." The parenthesis, while somewhat ambiguous and not clearly expressed, seems to be intended to provide that $1,000 of this sum is to be paid, or in some way secured by Standard Electric stock, upon terms which had been personally agreed upon between the parties outside of the written contract. The oral testimony in behalf of the

appellee tends to show that the terms so agreed upon were that the stock was to be held as security merely for the payment of the money. This evidence, if true, sustains the averment of the declaration. Recovery can also be had under the common counts. Where, as there is evidence in this case tending to show, nothing remains but to pay money, *indebitatus assumpsit* will lie, although the debt accrued under a special contract, and such special contract may be proper and necessary evidence in support of the action. See Wolf v. Schlacks, 67 Ill. App. 117 (119), and cases there cited.

It is claimed that the appellee's evidence shows an arrangement to pay a usurious rate of interest. We do not so regard it. Both parties agree that appellant merely guaranteed payment of dividends of eight per cent per annum upon the stock in controversy for two years.

The judgment of the Circuit Court is affirmed.

Mr. Justice HORTON dissents.