### Norton H. Van Sicklen v. E. W. Ballard, use of, etc.

1. RECOVERY—*Under Entire Contracts.*—A party seeking to recover under an entire contract must show a precedent performance by himself according to the terms of the contract, or a valid excuse for not performing it.

2. CONTRACTS—*Acts Justifying an Abandonment of a Contract.*—Where one party to a contract for services gives notice to the other party that he is going out of business on a certain date and will dispense with his services after such date, such notice is the equivalent of a declaration by him to the other party to no longer perform his part of the contract after the date named, and is a justification of the party notified in abandoning the contract as soon as he succeeds in getting other employment, after the date named in the notice.

Assumpsit, on a contract for services. Appeal from the Circuit Court of Cook County; the Hon. CHARLES E. FULLER, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1900. Affirmed. Opinion filed November 1, 1901.

WALRATH & WOOLFOLK, attorneys for appellant.

FERGUSON & GOODNOW, attorneys for appellee.

MR. JUSTICE SHEPARD delivered the opinion of the court.

A contract was entered into between the parties whereby appellant hired appellee to perform as a traveling solicitor of advertisements, services at a stated sum per week and legitimate traveling expenses, for a period from September 5, 1898, until August 31, 1899.

Full payment was made by the appellant of everything claimed by appellee, except as to $156.50, for which the judgment appealed from was rendered, that sum being admitted to be due, if anything.

The contention by appellant is that appellee failed to

Van Sicklen v. Ballard.

prove performance by himself of his part of the contract, in that he failed to prove he had rendered the services he had agreed to perform, the performance of which by him was a condition precedent to his right to recover.

This claimed failure of proof, it is argued, consists in two respects : one, that he did not show that he covered the territory he was required to travel in, and the other, that he did not prove he devoted his entire time and best endeavors to the business, as his contract provided he should do.

The proposition that one seeking to recover under an entire contract must show a precedent performance by himself, according to the contract, is undoubted law. Eldridge v. Rowe, 2 Gilman, 91; American Publishing House v. Wilson, 63 Ill. App. 413.

The undisputed testimony of appellee, however, shows, and it was substantially admitted by letters of the appellant, that appellee complied with the terms of the contract in every respect, except as to serving the full length of time called for. And in respect of that matter, it conclusively appears that appellant himself gave notice to appellee that he, appellant, was going out of the business on July 29th, and that appellee's services would be dispensed with by him after that date. That notice was the equivalent of a declaration by appellant to no longer perform his part of his contract, after the date named.

Though such an attempted termination of the contract by appellant, without the consent of appellee, was unavailing, the appellee had the right to treat it as a refusal by appellant to be any longer bound by it, and as a justification of his own act in abandoning the contract as soon as he got other employment, on August 9th, as he did.

And for his services up to that time appellee was entitled to recover. Webster v. Enfield, 5 Gilman, 298; Wilson v. Bauman, 80 Ill. 493; Geary v. Bangs, 37 Ill. App. 301; McPherson v. Walker, 40 Ill. 371; Kadish v. Young, 108 Ill. 170.

In the last two cited cases, the rule is stated:

" That if one bound to perform a future act (in this case

the continuing in employment of appellee), before the time for doing it, declares his intention not to do it, this, of itself, is no breach of his contract; but if this declaration be not withdrawn, when the time arrives for the act to be done, it constitutes a sufficient excuse for the default of the other," citing cases.

When the time arrived at which appellant gave notice he would no longer employ appellee, the notice not having been withdrawn, appellee might have quit, or he could, as he did, continue to recognize the contract as in force until he obtained other employment. The judgment must be affirmed.