## Union Elevated R. R. Co. v. Wilson K. Nixon.

1. RECOVERY—*When Proper Under the Common Counts.*—Where a contract is fully executed and nothing remains to be done but the payment of the money, a recovery under the common counts is proper.

2. INTEREST—*Unreasonable Delay a Question of Fact.*—Whether there has been an unreasonable and vexatious delay in the payment of a claim is a question of fact, and the finding of the trial court on evidence tending to show such act will not be disturbed in the Appellate Court.

**Assumpsit,** for services, etc. Appeal from the Circuit Court of Cook County; the Hon. RICHARD W. CLIFFORD, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1900. Affirmed. Opinion filed January 21, 1902.

CLARENCE KNIGHT and WILLIAM G. ADAMS, attorneys for appellant.

BENTLEY & BURLING, attorneys for appellee.

MR. JUSTICE SHEPARD delivered the opinion of the court.

The appellee sued appellant in assumpsit to recover the sum of $5,000 for labor and services performed by him for appellant, under a contract for the rendering of services in the matter of procuring from frontage owners of real estate, consent to the erection of an elevated railroad loop on certain streets in the down town district of Chicago.

The case was tried, by agreement of the parties, by the court without a jury, and a judgment rendered for the full amount claimed by appellee, with interest.

There does not appear to be any controversy as to the employment of appellee for the purpose, nor as to the rendition of services in the matter for which he was employed, nor as to the additional amount which he was to be paid, in case of success. It is for the additional sum of $5,000 that the suit was brought, the $500 per month having been fully paid appellee.

In the latter part of December, 1894, appellee was employed, and about the same time, Mr. Louderback, the president or general manager of appellant company, sent to appellee a letter, of which the following is a copy :

"CHICAGO, December 22, 1894.
W. K. NIXON, 85 DEARBORN ST., CITY.

DEAR SIR :   So there may be no misunderstanding in the future, I hereby reduce our agreement to writing. The Union Elevated Railroad Company will pay you at the rate of $500 per month for such time as may be necessary in their judgment, commencing December 22, 1894, you to use your best efforts during such appointment to obtain the signatures of property owners to their consent for the building of the proposed loop. In case the company is successful and your efforts have helped in securing the legal amount of frontage, within thirty days after the passage and acceptance of the ordinance, you are to receive the further sum of $5,000.                Yours truly,
                              D. H. LOUDERBACK,
                                        President."

We observe no substantial difference between the terms of the agreement stated in the above letter, and those stated by either Mr. Nixon or Mr. Louderback in their testimony, as to the effect of their previous verbal agreement.

There is no doubt from the testimony but that appellee went to work immediately and continued to work faithfully for a period of about eleven months, and without complaint against him, in the matter for which he was employed. During that time he secured the consents of numerous property owners along the line of the proposed route, and was paid at the rate of $500 per month to November 30, 1895.

The objections of the appellant to paying the additional sum conditioned on success, are of a most technical kind. It is urged that Nixon was to obtain the consents without expense to the appellant. He never did pay or agree to pay anything for the consents, and if appellant did finally pay therefor it was not because of an agreement of Nixon so to do, and moreover, the fact was settled adversely to appellant by the finding of the trial judge that Nixon had performed his contract.

It is further urged that the appellant was never successful within the meaning of the agreement; and that it was necessary that appellant should be successful within the meaning of the contract before Nixon was discharged.

Granting that Nixon's employment was at will, his compensation was to be paid, if his efforts helped in securing the legal amount of frontage needed for the passage of the ordinance, and could not be defeated by a summary discharge on the eve of adopting another method of procuring the consents. It can not be truthfully said that the consents obtained by him, and his services in convincing property owners of the desirability of the "loop," were of no use in securing the desired end.

The appellant, finding itself baffled in obtaining the consents of a necessary number of frontage owners on Van Buren street and Fifth avenue, adopted, in connection with other elevated road companies, a new scheme whereby the objections to consent might be overcome.

This was by organizing the Union Consolidated Elevated Railway Company and extending the proposed line thereof so as to embrace territory in which property owners were not so hostile to the construction of an elevated road, and under that plan the necessary number of consents were obtained, whereby the needed ordinance was authorized and obtained.

· In accordance with the authority given by that ordinance the appellant has succeeded to all the rights that it was desirous of under the original plan, and the entire loop is now owned and operated as a single system by the appellant. Some of the consents obtained by Nixon were used in obtaining the ordinance to the Union Consolidated Elevated Railway Company. We think there can be no doubt that the appellant was successful in the sense used in the agreement with Nixon.

We have nothing to do with the value of Nixon's services. The parties fixed that for themselves, and it does not appear that he was discharged because he neglected to perform all that he had contracted to do, and the finding of the trial judge settles that question.

We do not feel called upon to lengthily discuss the question raised by appellant, that the contract was opposed to public policy. The contract as read does not contain anything or suggest anything of that character, nor does what was done or intended should be done by Mr. Nixon tend in that direction.

. It is next argued that error was committed in the allowance of interest. Whether there was an unreasonable and vexatious delay in payment of the claim was a question of fact, and the trial judge having found there was, on evidence tending so to show, we will not disturb the finding.

The recovery was proper under the common counts. The contract was fully executed, and nothing was left to be done by appellant, but to pay the money. Childs v. Fischer, 52 Ill. 205; Wolf v. Schlacks, 67 Ill. App. 117; Sands v. Potter, 165 Ill. 397; Neagle v. Herbert, 73 Ill. App. 17; Lane v. Adams, 19 Ill. 167.

We regard the action of the court on the propositions of law submitted to be held, as without error. And upon the whole record, the judgment must be affirmed, and it is so ordered. Affirmed.