## THE GEORGE H. HESS COMPANY

*v.*

## HENRY G. DAWSON et al.

*Filed at Ottawa January 16, 1894.*

1. CONTRACT—*failure to perform by one excuses performance by the other.* A plaintiff agreed to furnish the defendant, monthly, such castings as he might order, and the latter agreed to pay for goods ordered and delivered in each month by the 20th of the following month: *Held,* that the plaintiff was not bound to deliver castings to the defendant unless the latter was ready and willing to make payments as required by the contract.

2. SAME—*right of defendant to recoup damage for a breach of same.* A defendant, when sued for articles sold and delivered to him by the plaintiff, will not be entitled to recoup damages for a breach of the contract, unless he, the defendant, has performed his part thereof, or has been ready and willing to do so at the time required.

3. Where the plaintiff agreed to supply the defendant with all the castings that he might order from time to time, upon the condition and agreement of the defendant to pay, by the 20th day of each month,

for all the goods supplied during the preceding month, the defendant, when sued for the price of goods received by him, can not recoup damages for a breach of the contract without showing that he was not in default, on his part, at the time of the plaintiff's breach or failure to furnish castings ordered.

4. SAME—*right to abandon and sue for the value of goods delivered under it.* Where the purchaser of castings fails to pay for the same as he agreed to, the vendor may abandon the special contract, and sue and recover in an action of assumpsit for the value of the castings sold and delivered to the defendant.

5. SAME—*evidence of a prior verbal agreement.* In an action by the plaintiff, against the defendant, for the price of castings delivered to the latter under a contract made by him, evidence of a prior verbal contract for the sale and delivery of castings is properly excluded, it appearing that they were all furnished after the written contract.

6. PRACTICE—*bill of particulars—limits amount of recovery.* Where a bill of particulars has been filed by a plaintiff, as a general rule the recovery will be confined to the amount specified in the bill of particulars.

7. SAME—*bill of particulars not incorporated in bill of exceptions can not be considered by this court.* A bill of particulars not incorporated in a bill of exceptions is not a part of the record, and can not be considered by this court to see if the recovery exceeds the amount claimed therein. If a bill of particulars is filed with the declaration as a part thereof, then it might be treated as a part of the record; but if it is filed under a rule of court, it will constitute no part of the declaration or any other pleading in the case.

APPEAL from the Appellate Court for the First District;—heard in that court on appeal from the Circuit Court of Cook county; the Hon. FRANK BAKER, Judge, presiding.

Mr. CHARLES E. POPE, for the appellant:

The evidence offered by the appellant was certainly competent as far as it went. *Tyler* v. *Green,* 28 Cal. 408.

It does not appear that the evidence was excluded because the defendant did not propose to prove the other facts essential to his defense. If this was the point of objection it should have been so stated. *Railroad Co.* v. *Lynch,* 67 Ill. 149; *Mueller* v. *Rebhan,* 94 id. 142.

The circuit court refused to allow a part of the contract to go to the jury.

The recovery exceeded the amount claimed in the bill of particulars, which was error. *Nauvoo* v. *Ritter*, 97 U. S. 388.

·The copy of the instrument becomes a part of the declaration. *Nauvoo* v. *Ritter, supra; McDonald* v. *People,* 126 Ill. 150 ; *Starkweather* v. *Kettle,* 17 Wend. 21.

Messrs. Weigley, Bulkley & Gray, for the appellee :

The violation of the contract by the defendant in failing to make a payment, justified the plaintiffs in treating the contract as rescinded, and in suing for the amount due. *Palmer* v. *Breese,* 34 Minn. 39 ; *Palm* v. *Railway Co.* 18 Ill. 218.

There was no evidence, or offer of evidence, that the defendant was ready and willing to pay for and receive the castings. *Hungate* v. *Rankin,* 20 Ill. 639.

Mr. Justice Craig delivered the opinion of the Court :

This was an action of assumpsit, brought by Henry G. and William R. Dawson, against the George H. Hess Company. The declaration contained the common counts, *indebitatus assumpsit* for goods furnished and retained and used by the defendant. The defendant pleaded the general issue, and a tender of $152 before action brought. On a trial before a jury the plaintiffs recovered a judgment for the amount of their account, $1634.47, and on appeal to the Appellate Court the judgment was affirmed.

The plaintiffs, on the trial in the circuit court, introduced evidence that castings amounting to $1634.47 had been ordered by the defendant; that they were manufactured by the plaintiffs and delivered to the defendant and retained and used by it, no part having been returned or paid for. The defendant, as a defense, undertook to prove, on the cross-examination of plaintiffs and on the direct examination of Hess, that the plaintiffs had failed and refused to make and

deliver castings as they had agreed to do, and as demanded, and in consequence the defendant had been damaged, and the damages thus sustained the defendant sought to recoup.

Among others, the following questions were asked the witness Hess: "You may state to the jury whether or not the plaintiffs in this case furnished the castings which they agreed to furnish as called for by you from month to month." "You may state to the jury whether or not you, from month to month, called upon the plaintiffs for the castings mentioned in this letter of July 24, specifying each time the amount of castings in which they were deficient and had not furnished, and asking them to send them forward at once." "You may state to the jury whether or not, in consequence of any default, if any existed, by the plaintiffs in not furnishing the castings as called for by the contract between the parties, you were put to any pecuniary loss; if so, what." These and other questions of a similar character were objected to, and the objection sustained by the court, and the defendant excepted.

It seems, from the record, that prior to July 22, 1890, the defendant had been purchasing of the plaintiffs castings manufactured by them, but the manner in which the business had been transacted, or the manner in which the defendant desired it transacted, was not satisfactory to the plaintiffs, and on July 22, 1890, they wrote the defendant the following letter:

"GENTLEMEN—There seems to be sort of a misunderstanding as to how we shall proceed with the making of your castings in reference to collecting for same. We are not desirous of making the castings on a four months' delivery basis, as suggested by you, and as you were so informed to that effect by our Mr. W. R. Dawson. What we wish is a guarantee of a settlement on the 20th of every month for all castings delivered to you the month previous, but as you have suggested to our Mr. W. R. Dawson that on these terms you should request

us to make up a stock of castings from your patterns and hold them subject to your orders, this we can not see how we can do, as we would unquestionably have from two thousand to three thousand dollars' worth of castings on hand all the time, and we have not got any spare money to lay idle in that way. We would, however, accept your order as already given, make and deliver castings as follows: we will complete your order as given, delivering to you such castings as you may call for any time this month, and collect for said castings on the 20th of next month. We will continue to do so for next month, deliver you such castings as you may call for, and collect for same the 20th of the following month. We would, in the meantime, continue making the castings to the best of our advantage, and all castings that we have on hand made from your patterns on October 1, next, are to be delivered to you and paid for on the 20th day of November, which would compel us to carry stock for you, subject to your orders, for four months, but would assure payment on said stock, on delivery, November 20.

"As the patterns were marked so many pieces from each, but as we have no written order confirming the marks on patterns, you will please favor us with a written order for the quantity of castings you wish us to make, considering said order to be from the start. If this is satisfactory, please sign enclosed contract and oblige.

"Respectfully yours,                    DAWSON BROS.,
                                          BY DAWSON."

On the following day the defendant replied, as follows:

"CHICAGO, ILL., *July 23, 1890.*
*"Messrs. Dawson Bros., City:*

"GENTLEMEN—In response to your favor of the 22d inst. will say that we desire that you proceed with our work as fast as practicable, making the number of parts ordered from each pattern, a list of which we will send you. These castings we desire you to keep on hand, and we will draw from them such

parts as we require, paying for same on the 20th day of the month after delivery is made. We agree to receive from you all castings made by our orders on or before Nov. 1, 1890. It is probable that the entire order will be required by Oct. 1, so we urge you do not delay in the work,—the price paid to be at three cents per pound.

"It is understood that you are to return all flasks borrowed from us in as good order as you received them. Castings to be smooth, well ground and cleaned, and free from flaws.

"Truly yours,                        GEORGE G. HESS CO.,
                                        Per G. H. HESS, Jr."

On July 24 the defendant made a written order, as follows :
"*Dawson Bros.*:

"GENTS—As per request, we send copy of order as written on tags which are attached on patterns."

Then follows a detailed statement of articles desired. On August 18 another order was given. The letter of August 18, 1890, addressed to Dawson Bros., reads : "Gents—Please make the following castings," and then follows a list of articles ordered. The letter concludes as follows : "This is stove work, to be made under the arrangement with you last month."

After July 22 the evidence tends to show that the castings manufactured by the plaintiffs for the defendant were under the contract established by the letters. It will be observed that by the terms of the contract embraced in the letters, the defendant was required to make payment on the 20th day of every month for castings delivered the month previous. Upon this condition the plaintiffs agreed to manufacture the goods ordered by the defendant. Under this provision of the contract the plaintiffs were not bound to deliver castings to the defendant unless the defendant was ready and willing to make payments as required by the contract. The defendant was not entitled to recoup damages for a breach of the contract unless it had performed its part of the contract, or was ready and willing to do so at the time required. In other words,

before the defendant could recoup for a breach of contract it was required to prove that it had performed the essential requirements of the contract, or was ready and willing to do so. (*Hungate* v. *Rankin*, 20 Ill. 639.) But in the offered evidence the defendant did not propose to prove that it had paid for the castings as required by the contract. Indeed, the proof shows that the defendant did not pay by the 20th day of the month for goods manufactured the month previous, as it was required to do by the terms of the arrangement entered into by and between the parties. If the defendant, after the making of the contract, had, on the 20th day of each month, paid or offered to pay for all castings made during the preceding month, and the plaintiffs had failed on their part, then the defendant would have been in a position to recover damages for the failure of plaintiffs to perform their contract. But this record fails to show the defendant paid or offered to pay, as required by the contract.

Complaint is made that the court refused to permit the defendant to prove a verbal contract made between the parties prior to the agreement entered into in July by letter. The castings sued for were all made after the agreement of July, 1890, and as the proof tends to show, and as has been found in the circuit and Appellate Courts, under that agreement. Under such circumstances, what verbal arrangement the parties may have previously had could have no material bearing on the issues involved in this case. There may have been some evidence offered and excluded which was competent testimony. For example, the blank contract enclosed by the plaintiffs to the defendant in the letter of July 22 was so connected with the letters, although not signed by the parties, that we think it was competent evidence for the jury, but its exclusion was not such error as should work a reversal of the judgment.

In the circuit court, on motion of the defendant, the plaintiffs were required to file a bill of particulars, which consisted

of an itemized account. On the trial the plaintiffs recovered $18 more than the account thus filed, and this is relied upon as error. Where a bill of particulars has been filed, as a general rule the recovery must be confined to the amount specified in the bill of particulars. (*Morton* v. *McClure*, 22 Ill. 257.) In this case, however, the bill of particulars was not incorporated into the bill of exceptions, and is not, therefore, a part of the record, as held in *Eggleston* v. *Buck*, 24 Ill. 262. As the bill of particulars is not a part of the record, we can not know whether the recovery exceeds the amount claimed therein or not. If the plaintiffs had filed the bill of particulars with their declaration, as a part thereof, then it might be treated as a pleading in the case, and as a part of the record. But here the bill of particulars was filed under a rule of court. It was no part of the declaration or any other pleading in the case.

The court refused several instructions asked by both plaintiffs and defendant, and gave one on its own motion, and it is claimed that the court erred in refusing defendant's instructions. There were no difficult questions of law involved in the case, and hence no necessity existed for giving a large number of instructions to the jury. It was clear, from the evidence, that the defendant had failed to pay for castings furnished by the plaintiffs, as it had agreed to do. The plaintiffs then had the right to abandon the contract, and sue and recover, in an action of assumpsit, for the value of the castings made and delivered to the defendant. (*Guerdon* v. *Corbett*, 87 Ill. 273; *Wilson* v. *Bauman*, 80 id. 494.) The instruction which the court gave to the jury contained substantially all the law involved in the case, and although the instructions prepared by the defendant may, some of them, contain correct propositions, no necessity existed for giving them to the jury.

The judgment of the Appellate Court will be affirmed.

*Judgment affirmed.*