## Warder, Bushnell & Glessner Co. v. Oscar Arnold et al., Partners, etc.

1. PAROL EVIDENCE—*To Sustain an Executed Agreement Changing the Terms of a Sealed Contract.*—The terms of a sealed executory contract can not be altered or modified by parol agreement, but if the new parol agreement has been executed, and by means thereof one of the parties has been led into a line of conduct prejudicial to his interest, equitable estoppel arises in his favor, and evidence of the parol agreement may be heard to the nullification of the prior written contract, and a waiver of a clause requiring certain goods to be kept insured must be regarded as an executed contract.

2. PRACTICE—*Objections to Evidence—Character and Time of.*—If a party desires to object to testimony upon the ground that it is not admissible under the pleadings he must make that specific objection when the testimony is offered, and the point comes too late when urged for the first time in a court of appeal.

**Assumpsit,** for the value of goods destroyed by fire. Appeal from the County Court of McLean County; the Hon. COLOSTIN D. MYERS, Judge, presiding. Heard in this court at the May term, 1897. Affirmed. Opinion filed September 13, 1897.

KERRICK & BRACKEN, attorneys for appellant.

FIFER & BARRY, attorneys for appellees.

MR. PRESIDING JUSTICE HARKER DELIVERED THE OPINION OF THE COURT.

This is a suit in assumpsit by appellant to recover $406.35 for farm machinery which appellees were agents to sell for appellant and which was destroyed by fire while in the warehouse of appellees at Chenoa, Ills.

Appellees were dealers in hardware and farm machinery, selling on their own account and acting as agents for several manufacturing companies. They were special agents for appellant in territory adjacent to Chenoa to sell its binders, mowers, reapers and attachments, operating under a written and sealed contract dated February 2, 1894.

Under that contract they had received goods amounting

to $669.75 and had accounted for all, excepting that, amounting to $406.65, which was destroyed by a fire that swept over the business part of Chenoa on the 24th of July, 1894.

The clause of the contract on which the suit is based reads: " The second party (appellees) further agrees to keep all machines and repairs fully insured in the name of and for the benefit of the Warder, Bushnell and Glessner Company, and to guarantee it against any loss by fire."

Appellees interposed the defense that the clause was waived by appellant's agent, who signed the contract for appellant, and, upon a trial by the court, succeeded on that defense.

Appellant contends:

1.   That the court erred in admitting parol evidence of an agreement, alleged to have been made with F. M. Fisher, agent for appellant, which modified the terms of the sealed contract.

2.   That if it be held that such evidence was properly admitted it was not sufficient to establish in fact that Fisher waived the provision with reference to insurance.

3.   That there was no evidence to show that Fisher had authority, apparent or otherwise, to waive the provision.

While the rule is general that the terms of a sealed executory contract can not be altered or modified by parol agreement, it should be understood that the rule only applies to unexecuted parol agreements.   If the new parol agreement has been executed and by means thereof one of the parties has been led into a line of conduct prejudicial to his interests, equitable estoppel arises in his favor, and evidence of it may be heard, to the nullification of the prior written contract.   Worrell et al. v. Forsyth, 141 Ill. 22.

The parol agreement whereby Fisher relieved appellees from the insurance provision in the contract must be regarded in the light of an executed agreement, and it can be readily seen, must have been sufficient to influence their conduct in ordering machinery.

To the technical point urged, that the testimony was not

admissible, because there was no special plea of waiver under which it could be introduced, it is sufficient to say that no such ground of objection was presented upon the trial. Other specific grounds of objection were made but this one does not seem to have occurred to counsel before reaching this court. Our Supreme and Appellate Courts have repeatedly held that if a party desires to object to testimony upon the ground that it is not admissible under the pleadings, he must make that specific objection when the testimony is offered, and that the point comes too late when urged for the first time in the court of appeal.

While there was a sharp conflict in the testimony of Fisher and the two Arnolds, we think the trial court reached the correct conclusion of fact, that Fisher waived the provision of the contract relating to insurance.

The evidence shows that Fisher has been in the employ of appellant for several years, with his headquarters at Peoria, and in charge of territory contiguous to that city or central Illinois. He executed the contract of 1894 with appellees in behalf of appellant. To execute such contracts with special agents seems to have formed a part of his duty. If the power to execute contracts with special agents for the sale of machinery was delegated to him and exercised by him, then the right to waive a provision like the one under consideration would seem to fall within the scope of his authority. A party to the contract whose conduct had been governed by such waiver upon the ground of equitable estoppel may rely upon it as a defense.

With the views above expressed it is unnecessary to discuss the propositions of law passed upon by the court.

Judgment affirmed.