### John Waggeman v. G. Janssen.

1. CONTRACTS—*Remedies After Repudiation.*—When one party to a contract repudiates and refuses longer to be bound by it, the injured party may treat the contract as rescinded and recover upon a *quantum meruit* so far as he has performed, or he may keep the contract alive for the benefit of both parties, being at all times himself ready and able to perform, and at the end of the time specified in the contract for the performance, sue and recover under it, or he may treat the repudiation as putting an end to the contract for all purposes of performance, and sue for the profits he would have realized if he had not been prevented from performing.

Assumpsit, for work, labor, etc. Appeal from the Circuit Court of Peoria County; the Hon. N. E. WORTHINGTON, Judge, presiding. Heard in this court at the May term, 1897. Affirmed. Opinion filed September 20, 1897.

JAMES A. CAMERON, attorney for appellant.

ARTHUR KEITHLEY, attorney for appellee.

MR. JUSTICE DIBELL DELIVERED THE OPINION OF THE COURT.

Appellant owned real estate at the corner of Knoxville and Illinois avenues, in the city of Peoria. The city had

Waggeman v. Janssen.

passed an ordinance requiring a cement sidewalk to be laid on Illinois avenue in front of his property. It seems the property owners were given the privilege of doing the work themselves and thus avoiding the charges the city would make therefor. Appellee was in the business of laying cement walks, and in the fall of 1894 he applied to appellant for the contract for this work. Appellant agreed to let him do it. Appellee then measured the ground, gave appellant the grade the city had established, and told him what the cut would be. Appellant said he would not have the walk cut down to the permanent grade, but would have his walk up to join the walk on the Knoxville avenue side; that he would see the city authorities and get a permit to leave the grade up. Appellee gave his figures. Appellant wanted the walk built cheaper. Appellee said if he did not have to put in granitine he could do it for less, and it was agreed at the time appellee should put in such a walk to correspond with the grade on Knoxville avenue and without granitine for $110, and that he should do the excavating for the walk that fall, and should lay the walk the first thing in the spring, so that appellee could have the benefit of the advertising it would give him, as there was no other cement work on the street. It is claimed by appellant appellee was also to fix a driveway and fill an old cellar for the $110. Appellee excavated for the walk in the fall, doing the work which is the subject of this suit. The parties differ as to what occurred in the spring. Appellee claims appellant refused to let him lay the walk in the spring, saying he was going to build stores upon the property and would not build the walk until he built the stores; and that the city finally notified appellant if he did not build the walk forthwith it would do so, and that appellant said the city could go ahead and have another lawsuit. Appellant denies this and claims he never forbade appellee to build the sidewalk, and that when appellee did build it he supposed it was under his contract, and appellant declares he never said to let the city go ahead and do the work. On these points the preponderance of the evidence

is decidedly with the appellee. By his words and acts appellant clearly showed he did not intend to let appellee build the walk that spring as he had agreed to do. He thus in legal effect prevented appellee from performing his contract. The city then notified appellant to build the walk, and he did not comply. Thereupon the city hired appellee to do the work for it by the day, and he did it, buying the materials at the city's expense. The city built a more expensive walk than the contract between appellant and appellee called for. It rendered a bill to appellant for $157.11 therefor. He thereupon refused to pay appellee for the excavating done the preceding fall under the contract between them, and appellee brought this suit to recover therefor before a justice of the peace, and obtained a judgment for $60. Appellant appealed therefrom to the Circuit Court, where there seem to have been two trials, the second trial resulting in a verdict and judgment for appellee for $37.50, from which defendant appeals to this court.

Most of the witnesses for appellee fixed the value of the excavating done by appellee under his contract with appellant at a price per cubic yard which would have justified a verdict for $87.50. Appellant's witnesses claimed the dirt taken out was of substantial value. The court virtually instructed the jury to allow against the work done by appellee the value of the dirt taken away, although this dirt seems to have been taken from the street and was apparently the property of the city. This was probably what reduced the verdict to $37.50. Upon the facts appellee was clearly entitled to at least as large a sum as he recovered. Appellant complains that if he pays the city $157.11 and pays this judgment to appellee, the walk will cost him very much more than his original contract with appellee. If so, the loss is his own fault, and he must bear it. Whether the city can compel him to pay the $157.11 can not be determined here, but the proof shows that the city built a better sidewalk than appellant had previously contracted for, and it is a matter of common knowledge

that a property owner can usually get such work done by private contract for a less sum than it costs him when done by a municipality.

The court below by its rulings upon the evidence and instructions practically held that if appellant had prevented appellee from performing, then appellee had a right to recover for the work he had done upon the contract before he was so prevented, what the same was reasonably worth. It is urged by appellant that these rulings were erroneous. Our Supreme Court in the recent case of Lake Shore & M. S. Ry. Co. v. Richards, 152 Ill. 59, declares it to be the well settled doctrine that where one party to a contract repudiates it and refuses longer to be bound by it, the injured party has an election to pursue either of three remedies: "He may treat the contract as rescinded, and recover upon a *quantum meruit* so far as he has performed; or he may keep the contract alive for the benefit of both parties, being at all times himself ready and able to perform, and at the end of the time specified in the contract for performance, sue and recover under the contract; or he may treat the repudiation as putting an end to the contract for all purposes of performance, and sue for the profits he would have realized if he had not been prevented from performing." In the case at bar the plaintiff has pursued the remedy first set out, and under the authority above cited the rulings of the court were correct. United States v. Behan, 110 U. S. 338. We find no reversible error in the rulings of the court below. Its judgment will therefore be affirmed.