The Anglo-Wyoming Oil Fields, Limited, v. Martin Jacob Miller.

Gen. No. 11,377.

1. COMMON COUNTS—*when recovery may be had under.* Where an employer in a contract of service fails to fulfill its stipulations, the employee is at liberty to acquiesce in such abandonment and may recover in assumpsit under the common counts.

2. MEASURE OF DAMAGES—*how, determined in suit upon contract of service.* Where services have been rendered and expenses incurred under a special contract, the sum recovered must be fixed by its stipulations.

3. Findings of chancellor—*when, not disturbed.* The findings of a trial court, when the testimony is conflicting, will not ordinarily be disturbed on appeal unless clearly against the preponderance of the evidence.

4. Contract—*what does not justify abandonment of.* A partial neglect or refusal by one party to comply with one of the unsubstantial terms of the contract, does not justify the other in abandoning the same.

Action of assumpsit. Appeal from the Superior Court of Cook County; the Hon. Marcus Kavanagh, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1903. Affirmed. Opinion filed January 6, 1905.

Statement by the Court. This is an 'appeal from a judgment obtained by appellee in the Superior Court in an action upon the common counts under a written contract.

The agreement in controversy bears date the 27th of September, 1901, and is made between the Anglo-Wyoming Oil Fields, Limited, a company registered in England under the Companies Acts of 1862 to 1900, of the one part, and Martin Jacob Miller, of the city of Chicago, State of Illinois, United States of America, of the other part. By its terms the said company agreed to employ the said Miller as local technical engineer in the United States of America, the employment to begin October 1, 1901, " and continue as a firm contract for a period of two years" from that date. It is covenanted and agreed that the company shall pay Miller an annual salary of one thousand pounds sterling for his services, payable in monthly installments of eighty-three pounds six shillings and eight pence. The first of said monthly payments was to be paid November 1, 1901, and the payments were to continue thereafter in like amounts for each and every month during the continuance of the agreement. The contract contains the following provisions : " It is hereby further agreed by the said company and the said Martin Jacob Miller that a monthly statement or account shall be submitted, the same to be properly itemized, of all legitimate traveling expenses, including hotel charges, made in behalf of the said company, and the same shall be paid to the said Martin Jacob

Miller by the said company in addition to the above named monthly payments made on account of salary. It is also further agreed by the said company that it will pay or cause to be paid to the said Martin Jacob Miller any and all traveling and hotel expenses incurred with the consent of the company in the prosecution of any work in connection with any subsidiary company or companies formed by or out of the properties of the said company." The said Miller agreed on his part " to give his whole time to the service of the company and to diligently and faithfully employ his knowledge, skill and ability in the conduct of all business transactions undertaken by him in behalf of the said company falling within his duties as the same may be from time to time defined by the company."

At the time of the commencement of the action plaintiff swore out a writ of attachment and garnisheed the First National Bank of Chicago, which answered showing that it had certain funds in its hands, the property of appellant. The case was submitted to the court, a jury having been waived, and judgment was rendered against appellant, from which this appeal is prosecuted.

LOBELL & LOBELL and J. M. LAVENTHAL, for appellant; WILLIAM H. MARTZ, of counsel.

LEE D. MATHIAS, for appellee.

MR. JUSTICE FREEMAN delivered the opinion of the court.

Appellant urges at great length that " *indebitatus* assumpsit will not lie on an executory contract," and insists that appellee should have declared specially upon the written contract, and cannot be permitted to recover under the common counts. It appears, however, that when the suit was begun, appellee's salary, by the terms of the contract, was overdue and unpaid for a period of about eight months. Under these circumstances appellee elected to treat the contract as broken, and to abandon further service in appellant's employ. He seeks to recover under the common counts for services rendered and expenses incurred. There

is evidence justifying the inference that appellant did not fulfil its agreements under the contract, and if so appellee was at liberty to acquiesce in such abandonment and can maintain his action in assumpsit under the common counts. Hess Co. v. Dawson, 149 Ill. 138–145. Where the contract is abandoned by mutual consent of the parties or where the party suing is justified in abandoning by the misconduct of the other party to the agreement, the measure of damages is the value of the labor performed or material furnished or expense incurred. In this case the services were rendered and the expenses incurred under a special contract and the sum recovered must be governed by its stipulations. Rice v. Partello, 88 Ill. App. 53; Shepard v. Mills, 173 Ill. 224. In Waggeman v. Janssen, 74 Ill. App. 38–41, reference is made to Lake Shore & M. S. Ry. Co. v. Richards, 152 Ill. 59, holding that where one party to a contract repudiates it and refuses longer to be bound by it, the injured party has an election to pursue either of three remedies: treat the contract as rescinded and recover upon a *quantum meruit* so far as he has performed, or keep the contract alive for the benefit of both parties, and at the end of the time therein specified for performance, sue and recover under the contract, or he may treat the repudiation as putting an end to the contract for all purposes of performance and sue for the profits he would have realized if he had not been prevented from performing. Appellee in the case at bar elected to pursue the first of these remedies, as he was at liberty to do, and is entitled to maintain his suit upon the *quantum meruit*.

It is next contended that the findings of fact by the trial court are contrary to the evidence, and that the conclusions of law based thereon are erroneous. It has been held repeatedly that the judge who heard and saw the witnesses is in a better position to determine the truth than is an appellate tribunal with only the record before it. The findings of the trial court, when the testimony is conflicting, will not ordinarily be disturbed on appeal unless clearly against the preponderance of the evidence. Burgett v.

Osborne, 172 Ill. 227–238. We are satisfied from careful consideration that the findings of fact complained of in this case are not against the weight of evidence, although the findings of neither fact nor law being abstracted we might properly refuse to consider the objections urged. It is insisted that appellee failed to comply with the terms of the contract in not submitting monthly statements of his expense account and in some other respects. It appears that he submitted one such account and so far as we can discover no attention was paid to it and no part of it was paid. The court held and we think properly that not every partial neglect or refusal by one party to a contract to comply with some one or more of its terms would justify an abandonment by the other party, where such matters do not go to the substance of the contract. We deem it unnecessary to review the evidence in detail. It must suffice to say that in our judgment it justifies the conclusion that appellee was not guilty in material respects of failure to perform on his part and that he is entitled to recover for services shown to have been rendered and expenses incurred under the contract for and in behalf of appellant.

It is proper to call the attention of appellant's counsel to the rule of this court requiring briefs to contain a short, clear statement of the points and authorities in support thereof.

Finding no substantial error in the record the judgment of the Superior Court must be affirmed.

*Affirmed.*