## Joseph O. Fender v. Jane Fender.

### Gen. No. 4,502.

1. BILL OF PARTICULARS—*when not part of record.* A bill of partic-
ulars is not a part of the record unless incorporated in the bill of excep-
tions.

2. VERDICT—*when not disturbed.* A verdict will not be set aside as
against the weight of the evidence where the evidence tends to support
the respective contentions of the parties and is conflicting in character.

3. WITNESS—*when ruling upon competency of, not error.* Notwith-
standing the court may improperly have excluded the testimony of a
witness upon the ground that he was incompetent, yet such a ruling is
not reversible error where the evidence sought to be given by such wit-
ness was immaterial.

Action of assumpsit. Appeal from the Circuit Court of Mercer
County; the Hon. FRANK D. RAMSAY, Judge, presiding. Heard in this
court at the April term, 1905. Affirmed. Opinion filed October 25,
1905.

CONNELL & THOMASON, for appellant.

ROBERT L. WATSON and W. J. GRAHAM, for appellee.

MR. PRESIDING JUSTICE VICKERS delivered the opinion of
the court.

This is an action of assumpsit brought by appellee, Jane
Fender, against her father-in-law, Joseph O. Fender, in which
a judgment for $320 was rendered in favor of appellee.
The declaration contained the common counts only.   Be-
fore the trial was entered upon, appellant made a motion
to require appellee to file a bill of particulars.   It appears
from the record that this motion was sustained by the
court, but whether any bill of particulars was in fact filed,
the bill of exceptions fails to show.   A bill of particulars
filed in pursuance of an order of court is not part of the
record, unless it is incorporated into the bill of exceptions.
Hess Company v. Dawson, 149 Ill. 138.

It is assigned as error that the court permitted evidence
to go to the jury that was improper, and that the court
erroneously refused to strike out appellee's testimony

which did not tend to support the cause of action stated in the bill of particulars. Appellant should have incorporated the bill of particulars in the bill of exceptions, if any was, in fact, filed. This omission precludes us from considering the ruling of the court in admitting testimony complained of, and in refusing to strike it out.

It is contended by appellant that the evidence does not sustain the verdict. It appears from the evidence that appellee is a daughter-in-law of appellant. In the year 1902, appellee and her husband, Joe Henry Fender, moved to the State of Iowa, to engage in farming. Prior to going there a considerable quantity of live stock and farming implements were bought, for which appellant and appellee's husband executed their promissory notes. About January, 1904, appellee and her husband separated in Iowa, and appellee returned to Illinois, bringing with her a portion of the live stock and farming implements which had been bought with the notes in Illinois. Appellee moved to the farm in Illinois, which was occupied by another son of appellant, taking with her the personal property brought from Iowa.

It is contended by appellee that an arrangement was made with appellant by which she was to assist in the growing of a crop, and that the proceeds of the crop should be divided between her and Joe Henry Fender, after applying a certain part of it for other purposes.

In August of 1904, some dissatisfaction having come up, appellee and appellant sought to have a settlement by which appellee was to turn over all personal property on the farm and all interest that she might have in the growing crop in consideration of $320. The evidence shows that appellee did turn over all personal property that she had brought from Iowa, and surrendered up all interest that she had in the growing crop, moved away from the farm, and that appellant took charge of the same and appropriated it to his own purpose. Appellee and her husband had separated in Iowa, and have never lived together since, and the evidence tends to show that the property

brought back with her from Iowa was turned over to her by her husband upon their separation.

We think the evidence of appellee is corroborated to some extent by the circumstances of relinquishing all right to the control and possession of this property, and by the further fact that her husband permitted her to bring it back from Iowa and engage in business with it on her own account, without any objection on his part. Under this state of facts it was a question for the jury to determine the weight and preponderance of the evidence.

Appellant offered the husband of appellee as a witness to prove that the property brought from Iowa by appellee was not given to appellee by him. The court sustained an objection to the competency of appellee's husband, and this is assigned as error. This ruling we think can be sustained on the ground that the evidence offered by appellant was wholly immaterial to the issues being tried. The consideration for the promise, upon which appellee bases her right to recover, was not the sale of specific items of personal property, but it was the relinquishment by appellee of all her right and claim to her interest in the growing crops, and the possession and use of the other personal property. There is no pretense that appellant has not realized the full consideration for his alleged promise to pay appellee $320 as contended, but it is contended that he made no such promise.

A number of instructions given for appellee are criticised by appellant's counsel. We have carefully examined all of the instructions complained of and find that they are not open to the objections urged against them.

Finding no error in the record the judgment is affirmed.

*Affirmed.*