### Republic Iron & Steel Company v. William A. Lee.

#### Gen. No. 4,588.

1. DEMURRER—*when action of court in overruling, may not be urged as error.* No error can be assigned upon the court's action in overruling a demurrer where the demurrant subsequently pleads to the merits.

2. SAFE PLACE TO WORK—*duty to furnish, cannot be delegated.* The duty to use reasonable care to provide employees a reasonably safe place is incumbent upon the master, and the master cannot delegate such duty and thereby relieve himself from liability for non-performance.

3. VERDICT—*when not excessive.* A verdict for $10,000 is not excessive where it appears that the plaintiff at the time of his injury was of the age of about twenty-four years, had prior thereto earned twenty cents per hour, and the injuries in question consisted of the loss of the left arm to the elbow (the plaintiff being left handed), and also an injury to one leg which injury caused trouble at the time of the trial.

Action on the case for personal injuries. Appeal from the Circuit Court of Rock Island County; the Hon. WILLIAM H. GEST, Judge, presiding. Heard in this court at the October term, 1905. Affirmed. Opinion filed April 20, 1906.

RICHARD JONES, JR., and BURTON F. PEEK, for appellant.

W. R. MOORE, for appellee.

MR. JUSTICE FARMER delivered the opinion of the court.

Appellant owns and operates a steel mill in the city of Moline. It is operated under the management of Joseph Worker, master mechanic of appellant. Appellee was employed in appellant's mill as a blacksmith's helper to Peterson, a blacksmith. About the eleventh day of September, 1903, a certain belt running on wooden pulleys attached to

shafts which operated certain machinery in appellant's plant became in bad repair, necessitating its being mended, and appellee was directed by Peterson and Worker to assist in the work. The repairing was to be done by Mr. Pickup, the mill-wright. The belt ran north and south, was what is known as a two-ply belt, was about four inches wide and something over eighty feet long. Lee was directed to draw the north end of it over the revolving shaft, and Peterson took charge of the south end for the same purpose. In order to do this they each had to stand on an angle bar, running parallel with the shaft about six feet above the floor and four feet below the shafts. The shafts were revolving at the time, and it is claimed by reason of this, also because of tacks in the belt with which it had been formerly mended Lee's left hand was caught by the belt and drawn under it around the shaft and the hand and arm so injured, broken and lacerated as to require amputation about four inches below the elbow. This suit was brought by him against appellant and Joseph Worker, its master mechanic, jointly, to recover damages. The first count of the declaration after setting out the petition and authority of Worker in appellant's mill and over all employees therein, alleges that plaintiff was also under the control of Peterson as the representative of the common master. The negligence charged in this count is the failure of defendants to furnish a safe place for plaintiff to stand and work while assisting under orders from both Worker and Peterson with the belt, and the failure to stop the shaft from revolving while the belt was being repaired. The second count is substantially the same as the first, except that it does not charge negligence in failing to stop the revolving shaft. The third count charges defendant with negligence in allowing the belt to get out of repair and with previously having fastened it together with staples or tacks, thereby rendering it more hazardous to persons assisting to repair it. That shortly before appellee's injury he objected to defendants to the use of the belt so tacked together and requested them to have it properly repaired, which they promised to do, and that

relying on said promises he continued in the service for a reasonable time, but that defendants neglected to provide a new belt or properly repair the old one and that by reason of such neglect the belt broke, and while appellee was, by order of Worker and the foreman of appellant who had authority to direct him, assisting in repairing the belt and while drawing it over the shaft and without knowledge of its defective condition and the defective manner of its repair, he was by reason of the staples or tacks in said belt, and the unsafe place he had to stand while doing the work, caught and his left arm drawn up between the belt and the shaft, thereby injuring him.   Defendants pleaded the general issue, and on a trial the jury found the defendant Worker not guilty, but found the Republic Iron & Steel Company guilty and assessed plaintiff's damages at $10,000. Appellant filed a motion for a new trial, and appellee also filed a motion for a new trial as to the defendant Worker. Subsequently appellee withdrew his motion, whereupon the motion of appellant for a new trial was overruled.   Also a motion in arrest of judgment was denied and a judgment entered against appellant in favor of appellee for $10,000 and in favor of Worker for costs.   From that judgment this appeal is prosecuted.

Defendants demurred to the declaration and assigned as one of the causes for demurrer that appellant and Worker, its master mechanic, were improperly joined as defendants. The court sustained the demurrer on other grounds, and plaintiff took leave to and did amend his declaration.   The amendments were in mere matters of form and did not affect the objection made that appellant and Worker were improperly joined as defendants.   The judgment of the court on the demurrer must have been understood and accepted as overruling the objection made on the ground of misjoinder of defendants, and we think that was the effect as shown by the record, for the amendments filed in no way affected that question.   Upon the amendments to the declaration being filed both defendants pleaded the general issue.   No error is or could be assigned upon the

court's ruling on the demurrer, because by pleading to the merits appellee waived the right to assign the judgment on demurrer as error. C. & A. R. R. Co. v. Clausen, 173 Ill. 100. Neither do we think this question was preserved by the motion in arrest. C. & E. I. R. R. Co. v. Hines, 132 Ill. 161; J. A. & N. Ry. Co. v. Velie, 140 Ill. 59.

It is earnestly contended by appellant that the judgment in favor of Worker is irreconcilable with and an absolute bar to a judgment against it, and that this judgment should be reversed and judgment entered here in its favor. All three of the counts charge the defendants with negligence in failing and refusing to provide the plaintiff with a safe place to work while obeying the orders of his superiors. The duty to use reasonable care to provide employees a reasonably safe place to work was incumbent upon appellant and it could not by delegating that duty to its manager relieve itself from liability for his failure to perform that duty. Missouri Malleable Iron Co. v. Dillon, 206 Ill. 145, and cases there cited. See also Leonard v. Kinnare, 174 Ill. 532; Himrod Coal Co. v. Clark, 197 Ill. 514. The duty of the master to provide a reasonably safe place for his servants to work is a positive one, and non-compliance with this duty is not one of the ordinary risks assumed by the servant. Armour v. Golkowska, 202 Ill. 144.

We are of opinion that if the duty to provide employees a reasonably safe place in which to work was violated, and injury and damages resulted therefrom, appellant's liability was independent of whether those to whom it had entrusted that duty were also liable for such violation, and the judgment in favor of Worker we think, therefore, was not a bar.

The evidence fairly tends to show that the only practicable way of getting the belt over the shafting so that the ends could be brought together to be repaired was the way adopted by appellee, and that in doing the work he was engaged in when injured, he was acting under orders from his superiors. The belt had often been broken and repaired before appellee's injury, and the method adopted by appellee was the one always provided and adopted in assisting to

get it over the shafting for repair at the place where appellee was working when hurt. The belt was old, worn and defective and had been broken and repaired many times, and complaint had been made to Worker of its condition by others than plaintiff. A careful reading of the testimony convinces us that the court properly submitted to the jury to determine whether plaintiff was guilty of contributory negligence, and a consideration of the whole evidence leads us to conclude that we would not be justified in disturbing the verdict and judgment on the ground that they are contrary to the testimony. This case in many respects is not unlike Hartrich v. Hawes, 202 Ill. 334.

At the conclusion of appellee's evidence on the trial appellant moved the court "to strike out the evidence of the plaintiff with respect to his knowledge, or lack of knowledge, concerning the use of the staples in question upon the belt in question for the reason that it varies from the allegations of the declaration, particularly from the allegations in the third count thereof." The motion was denied and this ruling of the court is assigned as erroneous. Counsel say the third count of the declaration avers that appellee knew the plys of a portion of the belt had separated and had been repaired by staples or tacks, and that he had objected to handling it thus repaired. We do not so understand the averments of the declaration, but even if they were as contended by counsel for appellant, the court properly denied the motion, because the evidence asked to be stricken out was competent under the other counts.

It is also claimed the damages are excessive. The proof shows appellee was at the time of the trial twenty-four years old. He had been constantly in appellant's employment three years and a half at the time of his injury, and had received twenty cents an hour for his services. He was left-handed and his injury resulted in the breaking and mangling of that arm so that it had to be amputated close to the elbow. He also claims to have been injured in one leg, and testified at the trial that this injury still troubles him, and that the injured leg weakened sooner than the

other one. It is true this judgment is large, but we cannot say it is so excessive as to call for a reversal on that account.

We have examined the complaints made of the court's ruling in giving, modifying and refusing instructions, and are of the opinion there is no substantial error in them.

The judgment is affirmed.

*Affirmed.*