Solomon Stoneking, Appellee, v. Dora Spurgeon Long, Appellant.

Gen. No. 4,983.

1. PLEADING—*when action of court in overruling demurrer waived.* The action of the court in overruling a demurrer to a declaration cannot be assigned as error where the complaining party has pleaded to the declaration.

2. CONTRACTS—*when severable.* A contract by one party to sow and harvest corn, oats, etc., upon the land of another, *held,* severable with respect to the various grains involved.

3. CONTRACTS—*when void for uncertainty.* A contract to sow and harvest grain in shares, which provides for the division of the proceeds of the crop according to the market value or the average market value, is void for uncertainty if no time is fixed for the market price or for the average of the market price.

4. CONTRACTS—*when parol agreement competent to affect sealed instrument.* While a sealed executory contract cannot be modified by a parol agreement, yet if the parol agreement is executed and one of the parties has been led into a line of conduct prejudicial to his interest an estoppel arises in his favor.

5. CONTRACTS—*remedy where one party has prevented the other from fulfilling.* If a party to a contract is prevented from fulfilling the same, by reason of the wrongful conduct of the other party, he may consider the contract rescinded and sue for damages.

6. CONTRACTS—*remedies of one party upon repudiation by the other.* Where one party repudiates a contract and refuses longer

to be bound by it, the injured party has an election to pursue either of three remedies: He may treat the contract as rescinded and recover upon a *quantum meruit*, so far as he has performed, or he may keep the contract alive for the benefit of both parties, being at all times himself ready and able to perform, and at the end of the time specified in the contract for performance, sue and recover thereunder, or he may treat the repudiation as putting an end to the contract for all purposes of performance and sue for the profits he would have realized if he had not been prevented from performing.

Assumpsit. Appeal from the Circuit Court of Warren county; the Hon. ROBERT J. GRIER, Judge, presiding. Heard in this court at the April term, 1908. Affirmed. Opinion filed August 10, 1908.

VOSE & CREEL, for appellant.

THEODORE B. SWITZER and NEECE & ELTING, for appellee.

MR. PRESIDING JUSTICE THOMPSON delivered the opinion of the court.

Solomon Stoneking, appellee, brought suit February 12, 1906, in assumpsit in the Circuit Court of Warren county against Dora Spurgeon Long, appellant, to recover for labor performed in plowing for, planting and cultivating 119 acres of corn upon land owned by appellant. The declaration consisted of the common counts and several special counts. The first special count avers that the defendant was the owner of certain lands, describing them, and that in consideration that the plaintiff promised the defendant to cultivate and plant said land to corn, the defendant promised to pay the plaintiff one-half the average market price at Avon station for all corn raised, and set forth *in haec verba* a contract in writing. It is averred that the defendant placed plaintiff in possession of said land and that plaintiff cultivated said land and would have delivered the corn, but was prevented by the defendant from so doing and that the defendant refused to permit plaintiff to complete said contract. It is further averred that the average market price of corn at Avon

station was forty cents, and that by reason of the "premises the said defendant became liable to pay the plaintiff said price, less the gathering expense," etc.

The other counts were somewhat similar, each averring that the plaintiff had fully performed his contract up to a certain period, when the defendant wrongfully prevented plaintiff from carrying out his contract, etc. The defendant pleaded the general issue with notice of set-off, a plea of the Statute of Frauds and a plea of the Statute of Limitation. On a trial before a jury at the January term, 1907, a verdict was rendered for plaintiff for $617.57. A motion for a new trial was granted. At a second trial at the January term, 1908, the jury returned a verdict in favor of plaintiff for $773.08. A motion for a new trial was overruled and the defendant prosecutes this appeal.

The first error argued is that the court erred in overruling the demurrer to the amended special counts of the declaration. This error cannot be here insisted upon for the reason that the appellant abandoned the demurrer by pleading to the counts. J. A. & N. Ry. Co. v. Velie, 140 Ill. 59; Republic Iron & Steel Co. v. Lee, 126 Ill. App. 297.

The evidence discloses that the appellant, owning farm lands in Greenbush township in Warren county, on August 15, 1904, entered into a written contract with appellee concerning part of her land. The appellant, who had attended college, wrote two supposed duplicate copies of the contract, both under seal, in which the appellant is described as the party of the first part and the appellee as the party of the second part. The contracts were in fact not duplicates; they are in part in the form of an ordinary lease and pretend to lease certain lands to appellee, "from the time to begin, day of putting crops in until each successive crop is harvested," but do not state for what year. By the contracts, certain parts of the lands described are to be sown to oats, other parts to rye, other parts are to be planted to corn and other parts to remain in grass.

Both copies of the contract recite that the party of the first part is to receive all the corn in her cribs at Avon Station and all corn stalks; one copy recites she is to pay "over scales one-half the market price." The other copy recites she is to pay "over scales one-half the average market price." Both copies recite that appellant is to furnish all seed for oats and receive all straw; one copy states nothing about what is to become of the rye, the other states "one half the rye is to be put in bin," without saying whose it is to be. One copy states "Oats to be put in granary;" the other states, "one-half of oats to be put in bin." Neither contract states who is to receive all or half the oats or what is to become of the rye and hay. The proof further shows that the appellant planted corn on part of a quarter section of land that is not described in either contract. The appellee, using his own teams, with his two sons, planted and cultivated 119 acres to corn, on the land of appellant. Appellee's proof was that in the spring of 1905, appellee told appellant that he would not have corn to feed his teams in the fall of 1905, and asked her to let him have corn to feed his teams from the corn raised on the premises, and she told him he could have it. This statement is denied by the evidence of appellant. It also appears from the evidence that the lands worked by appellee are not the identical lands described in the contract, but some of the land worked by him is not included in the contract. The evidence also shows that in the fall of 1905, the appellee gathered, as he claims with the agreement of appellant, some fifteen or sixteen bushels of corn to feed to his teams. The appellant, on October 4, 1905, apparently because of the feeding of the sixteen bushels of corn, issued a distress warrant, and took possession of all the corn cultivated by appellee on her land, claiming $1,500 rent to be due her. Summons was issued in the distress suit returnable at the January term, 1906. The appellant took possession and gathered and appropriated to her own use all the corn on the premises. The corn was gathered over the entire

period between October 4 and about a week before this suit was begun, it all being gathered before this suit was begun.

At the January term, 1906, the distress suit was dismissed at appellant's cost. The allegation of the special counts of the declaration is that appellant, by her acts, prevented the appellee from completing his contract, and the evidence shows that the acts of appellant did prevent him from completing his contract of hiring, by wrongfully distraining, gathering and appropriating to her own use all the corn which had been cultivated by appellee, and that appellee has received nothing except sixteen bushels of corn for the work of himself, his boys and teams. It is contended, on behalf of appellant, that the contract being under seal, the agreement by appellant to sell appellee some of the corn for feed was an attempt to change the contract, and that could only be done by an instrument under seal. It is contended by appellee that the written contract is a divisible contract, the part for raising oats and rye being a lease, and that for cultivating the corn being a hiring. The latter was the view taken of the contract by the trial court, as appears from the second instruction given on behalf of the appellee. The fifth instruction asked by the appellant states "that the written contract offered in evidence by the plaintiff, is a contract for services in raising corn." We think the court properly under the contention of both parties held the contract to be severable. There is also authority for such construction of the contract. Keeler v. Clifford, 165 Ill. 544. The two parts of the contract are contradictory, and both are very ambiguous and incomplete, if not unintelligible. It probably was the intention of the parties that the appellee was to have half the rye, oats and hay raised, although the disposition of the rye and hay is not mentioned, neither is any compensation for sowing, harvesting, etc., mentioned. Neither does the contract say what is to become of the oats, although one copy says half the oats are to be put

in a bin, and appellant is to receive the straw, while the other says, "oats are to be put in granary." The part of the contract referring to corn is entirely separate and calls for the planting of corn, on particularly described tracts of ground. What is intended to be paid for raising the corn cannot be arrived at from the copies of the contract. No time is fixed for the market price, or for the average of the market price. It cannot be ascertained from the contract whether the price is to be fixed at the date of the contract or the termination of the contract or an average of the two or an average of the price while the corn is being delivered. The contract would appear to be void for uncertainty. Canterbury v. Miller, 76 Ill. 355.

It is further true that while a sealed executory contract cannot be modified by parol agreement, yet if a new parol agreement is executed, and one of the parties has been led into a line of conduct prejudicial to his interest, an estoppel arises in his favor. If the sixteen bushels of corn were sold to appellee by appellant, to now permit appellant to say appellee has placed himself where he cannot complete his contract would be permitting appellant to take advantage of her own wrong. Warder, Bushnell & Glessner Co., v. Arnold, 75 Ill. App. 674.

It was a question for the jury to say under the evidence whether the sixteen bushels of corn were taken wrongfully or by agreement of appellant. The appellant failed in her distress suit. She apparently wrongfully and wantonly evicted appellee from his possession of the corn and appropriated the work of appellee, with that of his boys and teams, for the season. She alone, by taking the work away from him, is responsible for appellee not carrying out his contract. In such a state of facts he had the right to consider his contract rescinded and to sue for the value of his services. It is shown by different men who gathered the corn for appellant that she gathered 3,134 bushels, while there is proof that the yield of corn was between 4,000 and 4,500

bushels.  The evidence shows it is worth half the value of the corn to plow, plant and cultivate corn—the part of the work performed by appellee— and that the market value of corn in October, 1904, at Avon, two and one-half miles from the land, was from thirty-eight to forty cents.  There was also proof that appellant was indebted to appellee in some small items for labor the preceding year.  Appellant did not consider the first verdict excessive, as she said to one of the witnesses when discussing that verdict, ''It was not much when you consider I got 124 acres of good corn.''  We think the value of the services of appellee in raising the corn is shown by the evidence to be fully equal to the amount of the verdict.

It is also insisted by appellant that the measure of damages was fixed by the contract as half the value of the corn at Avon and that from this should be deducted the cost of gathering and hauling to Avon, and that the reasonable value of the services rendered was not the proper measure of damages.  This question is raised by rulings on objections to evidence and by assignments of error on instructions given for appellee.  On the trial appellee sought to recover for services on a *quantum meruit*.  It is well settled that where one party repudiates the contract and refuses longer to be bound by it, the injured party has an election to pursue either of three remedies: he may treat the contract as rescinded, and recover upon a *quantum meruit* so far as he has performed, or he may keep the contract alive for the benefit of both parties, being at all times himself ready and able to perform, and at the end of the time specified in the contract for performance, sue and recover under the contract; or he may treat the repudiation as putting an end to the contract for all purposes of performance, and sue for the profits he would have realized if he had not been prevented from performing. In the latter case the contract would be continued in force for that purpose.  L. S. & M. S. Ry. Co. v. Richards, 152 Ill. 59; Wilson v. Bauman, 80 Ill. 493; Guer-

210 APPELLATE COURTS OF ILLINOIS.

McGrew v. Chicago & Milwaukee Elec. R. R. Co., 142 App. 210.

don v. Corbett, 87 Ill. 272; City of Elgin v. Joslyn, 136 Ill. 525 (36 Ill. App. 301); Hess Co. v. Dawson, 149 Ill. 138; Webster v. Enfield, 5 Gilm. 298; Butts v. Huntley, 1 Scam. 410; Anglo-Wyoming Oil Fields v. Miller, 117 Ill. App. 552; Geary v. Bangs, 37 Ill. App. 301; Moulton v. Trask, 9 Metc. (Mass.) 577; Wright v. Haskell, 45 Me. 489; Hoagland v. Moore, 2 Blackford, 167; Hosmer v. Wilson, 7 Mich. 293; 2 Sutherland on Dam. 521. Some cases have been cited as sustaining the rule claimed by appellant, but they will, on examination, be found to be suits in which a contract was relied upon, in which the plaintiff did not rescind the contract because of the wrongful act of the defendant, but elected to keep it in force, or on a building contract controlled by some provision of a statute, such as the lien law.

Appellant has no cause to complain of a reasonable rule of law, the application of which is caused by her own wrongful acts. We conclude there was no error either in admission of evidence or instructions regarding the measure of damages.

We have reviewed the principal errors assigned, and examined all that have been argued, and find no error in the case.

The judgment is affirmed.

*Affirmed.*