## Otho Baker, Appellee, v. Frank Stoner, Appellant.

## Gen. No. 6,599.

1. BUILDING AND CONSTRUCTION CONTRACTS, § 84*—*when builder may treat contract as rescinded and sue for value of services.* Upon repudiation of a building contract by the owner without reasonable cause, the builder may treat the contract as rescinded and recover in assumpsit for the reasonable value of his services.

2. BUILDING AND CONSTRUCTION CONTRACTS, § 89*—*what need not be alleged in declaration on common counts by builder for value of services.* A builder, having elected to treat a building contract as rescinded and to sue in the common counts for the value of his services, need not allege in the declaration his reason for not performing in full.

3. BUILDING AND CONSTRUCTION CONTRACTS, § 113*—*when measure of damages in assumpsit by builder not governed by contract.* In assumpsit by a builder for the value of services performed up to the time when the defendant owner refused to permit him to proceed with the written contract, the measure of damages is not governed by the provisions of the contract.

4. APPEAL AND ERROR, § 1466*—*when admission of improper evidence harmless error.* In assumpsit for the value of services in erecting a building, tried by the court without a jury, it is not prejudicial error to admit evidence of what was paid for material and services or what they were worth, without technically stating the market value, where there is other competent evidence of value and no objection raised.

Appeal from the Circuit Court of Ogle county; the Hon. JAMES S. BAUME, Judge, presiding. Heard in this court at the October term, 1918. Affirmed. Opinion filed February 8, 1919.

JAMES L. McDOWELL and JOHN E. ERWIN, for appellant.

S. W. CROWELL and W. P. FEARER, for appellee.

MR. JUSTICE CARNES delivered the opinion of the court.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

Otho Baker, the appellee, sued Frank Stoner, the appellant, in assumpsit on a claim for labor and material furnished in building a dwelling house. He filed the common counts, to which the general issue was pleaded. It developed on a jury trial that the work had been begun and prosecuted under a written contract between the parties; that appellant before the completion of the job had ordered appellee to quit work and leave the premises; that appellee had treated this action of appellant as a repudiation of the contract and a refusal longer to be bound by it, and had elected to treat it as rescinded and recover upon a *quantum meruit* so far as he had furnished work and material. The jury returned a verdict of $400 for the plaintiff, on which judgment was entered.

It is not questioned that appellant discharged appellee and forbade him to complete the work. There is some controversy whether there was reasonable cause for so doing. This question was submitted to the jury, and they were required by the instructions to find as a condition precedent to the plaintiff's right of recovery that he was prevented from fully completing the house by the defendant without reasonable cause, and that said contract was repudiated by the defendant. There was no time fixed in the written contract for the completion of the house, and the jury were instructed that it was the duty of the plaintiff to complete it within a reasonable time, and that if they believed such reasonable time had elapsed prior to the discharge of the plaintiff they should find for the defendant, unless they believe from the evidence that the defendant allowed the plaintiff a longer time in which to complete the same. The evidence sustained the plaintiff's contention that there was no reasonable cause for discharging him; the verdict of the jury in effect includes that finding.

Appellant's main contention here is that there could be no recovery under the common counts, and, if there could be, that the measure of damages should have

been governed by the provisions of the contract. His theory, as we understand it, is that the work having been performed by appellee under a written contract, he could not recover without pleading as well as proving his excuse or reason for not fully performing it. And even after such averments and proof, still the provisions of the contract must prevail in computing the damages. The court instructed the jury, in substance, contrary to this theory, informing them if the contract was repudiated by the defendant the plaintiff was entitled to treat it as rescinded, and, having done so, to recover the reasonable value of labor and services performed by him, and material furnished, less whatever sum had been paid by the defendant. The controlling question here is whether the court erred in that view of the law. The Supreme Court as long ago as *Lake Shore & M. S. Ry. Co. v. Richards,* 152 Ill. 59, 80, treated it so well settled as to require no citation of authority "that where one party repudiates the contract and refuses longer to be bound by it, the injured party has an election to pursue either of three remedies: He may treat the contract as rescinded, and recover upon *quantum meruit* so far as he has performed; or he may keep the contract alive for the benefit of both parties, being at all times himself ready and able to perform, and at the end of the time specified in the contract for performance, sue and recover, under the contract; or he may treat the repudiation as putting an end to the contract for all purposes of performance, and sue for the profits he would have realized if he had not been prevented from performing."

And the court adds: "In the latter case the contract would be continued in force for that purpose. Where, however, the injured party elects to keep the contract in force for the purpose of recovering future profits, treating the contract as repudiated by the other party, in order to such recovery the plaintiff must allege and prove performance upon his part, or a legal excuse for nonperformance."

This case is cited and the rule recognized in *Chalstran v. Board of Education,* 244 Ill. 470, 475. This court cited *Lake Shore & M. S. Ry. Co. v. Richards, supra,* and other authorities sustaining that rule and applied it in determining that the measure of damages fixed by the contract did not govern in a case where the defendant wrongfully repudiated the contract, and the plaintiff elected the first-mentioned remedy holding that the contract, being abandoned, the recovery was based on a *quantum meruit* in *Stoneking v. Long,* 142 Ill. App. 203, and said: "Some cases have been cited as sustaining the rule claimed by appellant, but they will, on examination, be found to be suits in which a contract was relied upon, in which the plaintiff did not rescind the contract because of the wrongful act of the defendant, but elected to keep it in force, or on a building contract controlled by some provision of a statute, such as the lien law."

It hardly seems to require citation of authority that the common counts is a sufficient declaration if the contract is treated as abandoned and the plaintiff is claiming no benefit from it. It is the form of pleading adopted without question in *George H. Hess Co. v. Dawson,* 149 Ill. 138, a similar case. But appellant relies on *City of Peoria v. Fruin-Bambrick Const. Co.,* 169 Ill. 36, in support of his contention that where work is done under a contract the plaintiff can only recover when he has substantially performed the contract conditions precedent to his right of recovery, or averred and proved a sufficient excuse for his failure to do so. The court did use language to that effect, and there are later opinions by our Appellate Courts citing that case and repeating the language there used; but so far as we have learned, expressions of that kind have been only in cases where the plaintiff was relying on some provision of the contract as a basis for a recovery, as he would be if he elected to pursue either of the last two of the three remedies open to him. In the present case he did not elect to "keep the contract

alive" or to continue it in force for any purpose, and therefore he is not within the holding in *Lake Shore & M. S. Ry. Co. v. Richards, supra,* above quoted, requiring him to allege and prove performance or an excuse for nonperformance of the contract. It may be inferred that the court, in there specifying when the plaintiff must allege and prove performance or an excuse, meant that if he was not seeking to keep the contract alive, or claiming any benefits under it, there would be no obligation to mention it in his pleadings. We conclude that the court did not err in his rulings on the law.

It is suggested by appellant that incompetent evidence was introduced as to the value of labor and services recovered for, like statements of what was paid for material, or what it was worth, without technically stating what was the market value or the usual and customary price. There were statements of that character in evidence, but they were not objected to, and there was other testimony as to value that was competent. We do not find any substantial ground for that complaint. Finding no error in the record, the judgment is affirmed.

*Affirmed.*