MURRAY McCONNEL, appellant, *v.* WILLIAM THOMAS, appellee.

*Appeal from Morgan.*

An action may be maintained by W., in his individual name, on a note payable to " W., school commissioner, and agent for the inhabitants of the county, &c.; " and such suit may be brought by petition and summons ; and no averment is necessary to enable the plaintiff to recover the rate of interest specified in the note.

Interest is regarded as an incident to the debt; and is given in the form of damages, without being specially claimed in the declaration.

THIS suit was commenced by the following petition :

" State of Illinois, Morgan Circuit, sct. William Thomas, plaintiff, states that he holds a note on the defendant, Murray McConnel, in substance as followeth : — ' One year after date, we, William D. Anderson, Joseph Wasson, and Murray McConnel, jointly and severally, promise to pay William Thomas, school commissioner and agent for the inhabitants of the county of Morgan, for the use of the inhabitants of township number fifteen, north, of range number eleven west, the sum of twenty-five dollars, and interest thereon at the rate of thirty per cent. per annum, from this date, until paid ; and in case a judgment shall be obtained against us, or either of us, upon this note, we promise to pay interest on the judgment at the rate aforesaid, until such judgment shall be fully paid and satisfied. We further promise, that in case additional security for the payment of the aforesaid sum of money and interest, or any part thereof, shall be required, the same shall be given to the satisfaction of the said William Thomas, or successor in office. Witness our hands and seals, this 12th day of March, 1832.

his<br>
' WILLIAM ⋈ D. ANDERSON, [L. s.]<br>
mark.<br>
JOSEPH WASSON,       [L. s.]<br>
M. McCONNEL,       [L. s.]'

" Yet the same debt remains unpaid, wherefore he prays judgment for his debt, and damages for the detention of the same, together with his costs, &c.

" THOMAS & BROWN, for plaintiff."

The defendant pleaded two pleas. The first averred, that the promise was made to the plaintiff only as the agent of the inhabitants of the county of Morgan, and for the use of the inhabitants of the particular township, and that the plaintiff, in his individual right, had no interest whatever in the promises, or in the money when collected, and that the consideration for the promises moved from the inhabitants, and not from the plaintiff. The second crav-

ed *oyer* of the note, and alleged that the note and the promises were made to the inhabitants of the township, by the name, style, and description of William Thomas, school commissioner and agent, &c., and not to this plaintiff, in his private right; and that the legal interest in said note, and the money when collected, at the commencement of this suit, were in the inhabitants of said township; and that the said plaintiff had not any interest, either legally or equitably, in said note or money, or any part thereof.

M. McConnel, for the appellant, cited Piggot *v.* Thompson, 3 Bos. & Pul. 147; 3 Kent Com. 97; 10 Johns. 224; 5 Mass. 491; Gilmore *v.* Pope, 10 Johns. 387; Gunn *v.* Cantine, 13 Johns. 38; 1 Chipman 295; Arlington *v.* Hines, *Ibid.* 431; 1 Chit. Plead. 3, 4. There is no difference between public and private agents, as to their right to sue. Rathbone *v.* Budlong, 15 Johns. 1; 1 Chit. Plead. 98; Pool *v.* Cohen, 6 Monroe 336; Kincade *v.* Higgins, 1 Bibb 352.

W. Thomas, for the appellee.

Wilson, Chief Justice, delivered the opinion of the Court:

This is a proceeding by *petition and summons*, instituted by William Thomas, the plaintiff below, against Murray McConnel, upon a note made by McConnel to William Thomas, school commissioner and agent for the inhabitants of Morgan county, for the use of the inhabitants of said county.

The note bears interest at the rate of thirty per cent. per annum, and judgment was rendered by the Court below in favor of the plaintiff, for the principal and interest of the note, agreeably to its terms. From this decision the defendant below has appealed; and from the proceedings had in the case, two questions arise for the decision of this Court: first, whether the action was properly brought in the name of Thomas, the payee of the note, as was held by the Court below; and secondly, whether judgment for the interest due, was correctly rendered.

The first point in this case must be regarded as settled in this Court, by the case of McHenry *v.* Ridgely, (1) decided at the present term. That case is not distinguishable in principle from this. The action there was brought in the individual name and character of Nicholas H. Ridgley, upon a note assigned to Nicholas H. Ridgley, Cashier, or order, and the same defence was set up in that case that is in the present one, that is, that the plaintiff had no property or interest in the note, — that he was a mere agent, &c. &c. But the Court decided the action to be properly brought in the name of the assignee; and this decision is fully sustained by the authorities referred to. Kent lays down the law as fully settled, that "If a bill be made payable to A. for the use of

(1) *Ante* 309.

B., the legal interest is in A., and he must endorse it ; " (1) and for the same reason A. must, in such case, bring the action. It has also been decided that the Mayor and commonality cannot sue on a bond made to the Mayor himself, though he was also styled " Mayor." (2)

If the payee of this note cannot sue because of the want of interest in it, it may well be doubted whether any one can, for the same objection applies to the county ; and the inhabitants of the township, not being a corporation, cannot sue in that character ; and no one of them can enforce the common rights of all.

Upon the second point, it is insisted by the defendant, that inasmuch as the interest is reserved by a special agreement, it should have been specially declared for. In answer to this, it is sufficient to observe, that the statute gives the form of the petition, and that of the plaintiff is in strict conformity with it. Interest, however, is regarded as an incident to the debt ; and is given in the form of damages, without being claimed by a distinct or special declaration or count. I can perceive no reason why more technicality in pleading, should be observed to recover a rate of interest specified by the parties, than is required when it is fixed by the law.

The judgment is affirmed.

*Judgment affirmed.*

*Note.* See McHenry *v.* Ridgely, *Ante* 309; Campbell *v.* Humphries, *Post.*

(1) 3 Kent Com. 89.

(2) 1 Tuck. Com. 155; 2 Taunt. 374, 337; Doug. 633, 634 ; 3 Johns. C. 264; 11 Johns. 52.