## Wabash Portland Cement Company, Appellee, v. Smith H. Bracey, Appellant.

### Gen. No. 15,407.

1. VENDOR AND VENDEE—*remedy for breach of contract.* Where a purchaser fails to pay for goods as he has agreed to, the vendor may abandon the special contract under which the goods are sold and delivered, and sue and recover in an action of assumpsit under the common counts for the value of the goods sold and delivered to the defendant. The vendor may recover either under the *indebitatus assumpsit* count or under the count for goods sold and delivered.

2. EVIDENCE—*when execution of contract sufficiently proven.* A proposition which becomes a contract by acceptance is admissible in evidence without direct proof of execution if received in due course of business and shown to have been acted upon by both parties.

3. EVIDENCE—*when contract not basis of action competent.* A contract for the delivery of merchandise which has been rescinded for nonpayment of merchandise delivered is competent in an action predicated upon the common counts, to show the ordering of the merchandise, the price to be paid therefor, etc.

4. INTEREST—*effect of failure to claim by bill of particulars.* Interest may be recovered where payment has been unreasonably and vexatiously withheld, notwithstanding no claim therefor has been made in the bill of particulars.

Appeal from the Superior Court of Cook county; the Hon. HOMER ABBOTT, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1909. Affirmed. Opinion filed March 3, 1911.

DOLPH, SILSBEE & PUTNAM, for appellant.

THOMAS B. MARSTON, for appellee.

MR. PRESIDING JUSTICE SMITH delivered the opinion of the court.

This suit was brought by appellee, Wabash Portland Cement Company, against Smith H. Bracey, William A. Howard and Henry B. Foster, co-partners as Bracey, Howard & Company, to recover for certain

shipments of cement claimed by the plaintiff to have been made to the defendants.

The plaintiff shipped the cement in question during the months of August and September, 1902. This suit was brought October 13, 1904. Smith H. Bracey alone was served, the other defendants not being found.

Plaintiff filed its declaration in the common counts, with an affidavit of the amount due, on October 19, 1904. The defendant filed a plea of the general issue.

The evidence consists in the testimony of George L. Morris, the plaintiff's manager, and the letters and documents offered in connection with his testimony.

The action was based upon a contract entered into between the appellee and appellants, in the following form:

"CHICAGO, ILLS., September 26, 1901.
WABASH PORTLAND CEMENT CO.,
    Detroit, Michigan.
GENTLEMEN: We do hereby contract with your Company for you to supply us with seven to ten thousand barrels of Wabash Portland Cement, at the price of $1.35 per bbl. in cloth sacks delivered in Carload lots at the following places: Wheaton, Wayne, Ingleton, Spalding and Elgin, Illinois. Cloth sacks to be paid for 10¢ each in addition to above price, or you are to buy these cloth sacks back from us at 10¢ each, if returned by us to Wabash Mills, freight prepaid, within a reasonable time. Terms: All bills are due and payable to you on the 20th of each month for the shipments of preceding month. You are to supply us first quality Portland Cement of the same quality as supplied by you heretofore, for concrete work on the Aurora, Elgin and Chicago Railway.
                    Yours truly,
                . BRACEY, HOWARD, FOSTER & CO.
                    By W. A. HOWARD.
P. S. All cement must be acceptable to the Chief Engineer of the Aurora, Elgin & Chicago R. R. Co., and must be delivered within Ten days after receipt of order by Wabash Portland Cement Co., in quanti-

ties optional with purchaser, not less than carload, at any one or more of the above named stations, free on board cars.

Accepted:

WABASH PORTLAND CEMENT Co.

By M. G. BORGMAN, Treasurer."

Under this contract large quantities of cement were shipped by the plaintiff to the defendants on defendants' orders, but the defendants failed to make payments in accordance with the contract, and for that reason the plaintiff stopped shipments under the contract.

The record shows that there was some correspondence regarding the delinquency of the defendants, but by a letter dated August 6, 1902, the defendants remitted to the plaintiff the sum of $349.11, covering the balance of the account then due as shown by the statements in the record. In this letter the defendants promised there would be no further delinquency in the matter of payments, and that all invoices in the future would be promptly met when due. Thereupon shipments were renewed, and on August 13, August 25 and August 30, 1902, and on September 10, 1902, shipments were made to the defendants by the plaintiff, which shipments were duly received, as shown by the bills of lading introduced on the trial, and by acknowledgment of defendants, and requests for credits for freight allowances.

Under the terms of the contract payments for shipments of August 13, August 25 and August 30, 1902, were due on the 20th of September, 1902. No payments were made for these carload lots on that or any subsequent date, and no payment was ever made to the plaintiff, the Wabash Portland Cement Company, subsequent to August 12, 1902, above mentioned.

The plaintiff, because of these defaults in payment, or for some other reason, elected to rescind the contract, and subsequently brought this action to recover the balance due for cement delivered thereunder. The

cause was brought on to trial and resulted in a judgment in favor of plaintiff, appellee, against the appellant, for $556.94, which includes interest on the amount due, and appellant prosecutes this appeal to reverse the judgment.

The grounds for reversal relied upon by counsel for appellant are:

First, that plaintiff could not recover under the common counts in this action, and that the contract not having been specially pleaded was not admissible in evidence.

Second, that the court erred in admitting in evidence the agreement between the parties.

Third, that assuming that the contract was properly before the court and jury, a recovery could not be had in the absence of proof that Bracey was a member of the partnership, as alleged in the declaration, and for the further reason that the plaintiff could not recover because it did not show a completion of the contract on its part.

Fourth, that the plaintiff could not recover interest because it was not specified in the bill of particulars filed.

We think it is well settled that where a purchaser fails to pay for goods as he has agreed to, the vendor may abandon the special contract under which the goods are sold and delivered, and sue and recover in an action of *assumpsit* under the common counts for the value of the goods sold and delivered to the defendant. The vendor may recover either under the *indebitatus assumpsit* count or under the counts for goods sold and delivered. Hess Company v. Dawson, 149 Ill. 138.

We think it is clear, from the evidence in this case, that because of the nonpayment by the defendant for the cement shipped under the contract, the plaintiff had a right to abandon the contract and terminate it and sue for what was due under the contract for the

cement sold and delivered. The plaintiff was not bound to continue delivering cement to the defendants unless the defendants were ready and willing to make the payments as required by the contract.

We do not agree with the contention that the contract was not admissible in evidence under the pleadings. The execution of the contract, so far as the plaintiff is concerned, was proven, and although the signature of the defendants was not proven in direct terms and by direct testimony, it appears from the evidence in the case that the contract was received in the usual course of business in the form of a proposition, and was accepted by the plaintiff; and after the acceptance the parties acted under the contract, and large quantities of cement were shipped by the plaintiff and paid for by the defendants. Under this state of the evidence the contract was properly admissible. It was not necessary that the contract should have been specially pleaded or set out in the pleadings. It was admissible under the common counts, as a piece of evidence tending to show the ordering of the goods, the price to be paid for them, and all other terms under which the cement was furnished.

It is urged that there could be no recovery in this case in the absence of proof that Bracey, the defendant who was served, was a member of the partnership, as alleged in the declaration. This contention we think is without foundation. The plea filed was not sworn to, and the existence of the partnership was not put in issue or questioned; and under the state of the pleadings the plaintiff was not put upon proof in the first instance to show that Bracey was a member of the partnership.

It is claimed that the plaintiff could not recover for the reason that it did not show a completion of the contract on its part. This contention has been sufficiently answered by what we have said above.

It is further contended that the plaintiff could not

recover interest, because it was not specified in the bill of particulars.  We think there is no foundation for this contention.  McConnel v. Thomas, 3 Ill. 313; Willard v. Dubois, 29 *id.* 48; Heiman v. Schroeder, 74 *id.* 158.  The evidence shows that the payments were long delayed and that the delay was such as to warrant the jury in finding that it was vexatious.  That was a question of fact for the jury to determine.  Furthermore, the plaintiff was entitled to interest upon the amount due, upon the ground of an account stated. Bills had been rendered and not objected to within a reasonable time, and under the authorities this amounted to an account stated.

Finding no error in the record, the judgment is affirmed.

*Affirmed.*